IN THE UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

LISA KOWALSKI,
  a Florida Resident

        Plaintiff,

v.

JACKSON NATIONAL LIFE
 INSURANCE COMPANY,
 a Michigan Corporation, and
BARBARA WILSON,
 a Pennsylvania Resident,

        Defendants.
_____/

CASE NO.:

## COMPLAINT

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Reformation)

1. This is an action for money damages in excess of $75,000.00 exclusive of interest and costs.

2. Jurisdiction of this Court is predicated upon diversity of citizenship, 28 U.S.C. §1332 in that Plaintiff and Defendants are citizens of different states.

3. Venue in this district is proper, pursuant to 28 U.S.C. §1391, as the events and omissions giving rise to the claims herein occurred in this District. Defendants are subject to personal jurisdiction herein.

4. Plaintiff, Lisa Kowalski ("Kowalski") is a resident of the State of Florida.

5. Defendant, Jackson National Life Insurance Company ("Jackson"), is a Michigan corporation that issued a life insurance policy upon the life of a Florida resident.

6. Defendant, Barbara Wilson ("Wilson"), is a resident of Pennsylvania who may claim an interest in the life insurance policy issued by Jackson.

7. On or about March 18, 1992 Jackson issued a life insurance policy #0019502390 ("Policy") upon the life of Florence P. Kowalski ("Insured"). A true copy of the Policy is attached hereto as Exhibit "A." The Owner and Beneficiary of the Policy at its inception was the Insured's son, Edward Kowalski ("Owner"). The Owner was the husband of Plaintiff Kowalski up until his death.

8. The Owner predeceased the Insured who died on or about February 4, 2011. The Owner's Last Will recites "I acknowledge that I own a life insurance policy insuring the life of my mother, Florence Kowalski, with the beneficiary as my wife, Lisa Kowalski." Other than Wilson and Kowalski, there are no potential heirs to the Insured's estate.

9. On or about November 7, 2008, the Owner effectuated a change of ownership from himself to his wife, Plaintiff Kowalski. However, the intent of the Owner was to effectuate a change of ownership and change of beneficiary to Kowalski. However, through inadvertence and mutual mistake, only the change of ownership was effectuated. But for this mutual mistake, Kowalski would now be entitled to the Policy's death benefit.

10. After the Insured died, Kowalski realized for the first time that the Owner and she had made a mutual mistake in assuming that the change of ownership did not result in the change of beneficiary.

11. On or about May 12, 2011, Wilson acknowledged the mistake and sent Jackson a notarized letter renouncing any interest she may have to the death benefits. Attached hereto as Exhibit "B" is a true copy of Wilson's letter to Jackson dated May 12, 2011.

12. Despite repeated requests, Jackson refuses to pay the death benefit to Kowalski. As a result, Kowalski has hired the undersigned and has promised to pay a fee.

13. All conditions precedent have occurred or have been waived.

WHEREFORE, Kowalski prays for an Order reforming the Policy to reflect Kowalski as the owner and beneficiary and the sole individual entitled to receive the Policy's death benefits, for attorney's fees and costs of litigation pursuant to §627.428, F.S. and for such other relief as is just and proper.

Charles P. Randall
Attorney for Lisa Kowalski
8000 N. Federal Hwy., #330
Boca Raton, Fl. 33487
Tel: (561) 750-5050
Fax: (561) 750-7272

By: _____
Charles P. Randall
FBN 651559