UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60597-CIV-COHN/SELTZER

LISA KOWALSKI, a Florida resident,

    Plaintiff,

v.

JACKSON NATIONAL LIFE INSURANCE
COMPANY, a Michigan corporation and
BARBARA WILSON, a Pennsylvania
resident,

    Defendants.
_____/

**ORDER GRANTING DEFENDANT BARBARA WILSON'S MOTION TO DISMISS, DENYING AS MOOT DEFENDANT JACKSON NATIONAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS, GRANTING PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT, AND DENYING PLAINTIFF'S MOTION TO DISMISS BARBARA WILSON WITHOUT APPLICATION OF THE TWO DISMISSAL RULE**

**THIS CAUSE** is before the Court upon Defendant Jackson National Life Insurance Company's Motion to Dismiss Plaintiff's Complaint [DE 13] ("Jackson Motion") and Defendant Barbara Wilson's Motion to Dismiss for Lack of Personal Jurisdiction [DE 15] ("Wilson Motion") (collectively "Motions"). The Court has carefully reviewed the Motions, Plaintiff's Response to Defendants' Motion to Dismiss, Motion to File First Amended Complaint, and Motion to Dismiss Wilson Without Application of Two Dismissal Rule [DE 21] ("Response"), Barbara Wilson's Reply [DE 26] ("Wilson Reply"), the record in the case, and is otherwise fully advised in the premises.

I. BACKGROUND

Plaintiff Lisa Kowalski ("Plaintiff") commenced this action on April 3, 2012. See Complaint [DE 1]. The Complaint alleges that Defendant Jackson National Life

Insurance Company ("Jackson") issued a life insurance policy to Edward Kowalski for the life of Florence P. Kowalski.  Id. ¶ 7.  Mr. Kowalski, the Plaintiff's husband, predeceased Florence P. Kowalski.  Id. ¶ 8.  Prior to Mr. Kowalski's death, he and his wife attempted to change the ownership and beneficiary of the policy.  Id. ¶ 9.  The Complaint alleges that "through inadvertence and mutual mistake, only the change of ownership was effectuated."  Id.  Plaintiff seeks to reform the insurance policy to reflect that she is the owner and beneficiary of the proceeds of the policy.  Id. at 3.

Defendant Jackson filed a motion seeking to dismiss the Complaint on the grounds that it failed to allege any grounds for reformation.  Jackson Motion at 3.  Defendant Barbara Wilson ("Wilson"), an individual the Complaint alleges may have an interest in the insurance policy, also moved to dismiss the Complaint on the grounds that it fails to allege any basis for personal jurisdiction over her.  Wilson Motion at 2 ¶¶ 4-5.  In response to the Motions, Plaintiff moves for leave to file an amended complaint which addresses the objections to the Complaint raised by Jackson and eliminates Wilson as a Plaintiff.  Response at 1 ¶ 1.  Plaintiff also moves for an order from this Court that dismissal of Wilson will not be subject to the two dismissal rule.  Id. at 2 ¶ 2.  For the reasons discussed below, the Court will grant Plaintiff's motion for leave to file an amended complaint, thus mooting Jackson's motion.  However, the Court will grant Wilson's Motion and deny Plaintiff's motion for an order that the two dismissal rule is not implicated.

## II. DISCUSSION

First, the Court agrees with Wilson that Plaintiff's Complaint fails to allege a basis for this Court's personal jurisdiction over her.  As Wilson points out, the Complaint

merely alleges that Wilson, a Pennsylvania resident, is "subject to personal jurisdiction herein."  Complaint ¶ 3.  Plaintiff appears to concede this Court's lack of subject matter jurisdiction over Wilson because she seeks leave to file an Amended Complaint "which remove[s] Wilson's jurisdictional challenge by removing her from the litigation." Response at 1 ¶ 1.  As Wilson argues in her reply, this response merits granting of her motion.  See Wilson Reply at 2.  Rather than granting Wilson's Motion, however, Plaintiff urges the Court to enter an order dismissing Wilson pursuant to Federal Rule of Civil Procedure 41(a)(2) and stating that the two dismissal rule of Rule 41(a)(1)(B) would not be applicable.  Response at 2.  Because the Complaint fails to establish a basis for this Court's personal jurisdiction over Wilson, the Court will grant Wilson's Motion.  For the reasons discussed below, the Court declines to enter the dismissal order that Plaintiff seeks.

Plaintiff requests that the Court dismiss Wilson pursuant to Rule 41(a)(2) and enter an order that Wilson's dismissal will not be subject to the "two dismissal rule." Response at 2.  Federal Rule of Civil Procedure 41(a)(1)(B) provides that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal adjudicates as a dismissal on the merits."  Fed. R. Civ. P. 41(a)(1)(B).  Here, however, Plaintiff seeks a dismissal of Wilson pursuant to Federal Rule of Civil Procedure 41(a)(2).  The Eleventh Circuit has held that the two dismissal rule of 41(a)(1) does not apply to dismissals under 41(a)(2): "[t]here is no two dismissal rule set out in Rule 41(a)(2) and we see no basis for reading the two dismissal rule to apply where the first dismissal is achieved by motion and order of the court. Although dismissal under Rule 41(a)(2) is, as the rule says, 'at the plaintiff's instance,' the actual

dismissal is by the court and therefore does not implicate the Rule 41(a)(1) two dismissal rule." Cunningham v. Whitener, 182 Fed. Appx. 966, 969 (11th Cir. 2006) (quoting ASX Inv. Corp. v. Newton, 183 F.3d 1265, 1268 (11th Cir. 1999)).  Thus, even if the Court were to dismiss Wilson pursuant to Rule 41(a)(2), an order of this Court that the two dismissal rule was not implicated would be unnecessary.

Turning to Jackson's Motion, the Court notes that Defendant Jackson did not file a reply to Plaintiff's response or otherwise file any opposition to Plaintiff's Motion to File First Amended Complaint.  Federal Rule of Civil Procedure 15(a) provides that a party may amend its complaint once as a matter of course within "21 days after service of a motion under Rule 12(b), (e), or (f)."  Fed. R. Civ. P. 15(a)(1)(B).  Here, Jackson's Motion was filed on May 8, 2012.  Plaintiff filed its motion seeking leave to file an Amended Complaint on May 30, 2012, more than 21 days after Jackson's Motion was filed.[1]  In any event, Rule 15(a)(2) cautions that "[t]he Court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Here, because justice clearly favors allowing Plaintiff to amend her Complaint, the Court will grant Plaintiff's Motion for Leave to File First Amended Complaint and deny Jackson's Motion to Dismiss as moot.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Barbara Wilson's Motion to Dismiss for Lack of Personal Jurisdiction

---

[1] Arguably, the Court's granting of an extension of time to Plaintiff to respond to the Complaint may be regarded as an extension of the 21-day deadline for Plaintiff to file an amended complaint as of right.

4

[DE 15] is **GRANTED**;

2. Plaintiff's claim against Defendant Barbara Wilson is **DISMISSED WITHOUT PREJUDICE**;

3. Defendant Jackson National Life Insurance Company's Motion to Dismiss Plaintiff's Complaint [DE 13] is **DENIED AS MOOT**;

4. Plaintiff's Motion to File First Amended Complaint [DE 21] is **GRANTED**;

5. Plaintiff is directed to file the First Amended Complaint at DE 21-1 within three business days of this Order; and

6. Plaintiff's Motion to Dismiss Wilson Without Application of Two Dismissal Rule is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of July, 2012.

*[signature]*
JAMES I. COHN
United States District Judge

Copies to counsel of record via CM/ECF.