IN THE UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

LISA KOWALSKI,
 a Florida Resident                             CASE NO.: 12-60597-CIV-COHN-SELTZER

        Plaintiff,

v.

JACKSON NATIONAL LIFE
 INSURANCE COMPANY,
 a Michigan Corporation,

        Defendant.
_____/

## FIRST AMENDED COMPLAINT

### FIRST CAUSE OF ACTION
(Declaratory Judgment)

    1.    This is an action for declaratory relief, pursuant to 28 U.S.C. §2201 (a), involving a claim for money in excess of $75,000.00 exclusive of interest and costs.

    2.    Jurisdiction of this Court is predicated upon diversity of citizenship, 28 U.S.C. §1332 in that Plaintiff and Defendant are citizens of different states.

    3.    Venue in this district is proper, pursuant to 28 U.S.C. §1391, as the events and omissions giving rise to the claims herein occurred in this District.

    4.    Plaintiff, Lisa Kowalski (hereinafter "Kowalski") is a resident of the State of Florida.

    5.    Defendant, Jackson National Life Insurance Company ("Jackson"), is a Michigan corporation that issued a life insurance policy upon the life of a Florida resident, Florence P. Kowalski (hereinafter "Mother").

1

6. On or about March 18, 1992 Jackson issued a life insurance policy #0019502390 ("Policy") upon the life of Mother. A true copy of the Policy is attached hereto as Exhibit "A." The Owner and Beneficiary of the Policy at its inception was the Insured's son, Edward Kowalski ("Son"). The Son was the husband of Plaintiff Kowalski up until his death and together Son and Kowalski paid all of the premiums on the Policy.

7. The Son died on or about November 7, 2008. The Son's Last Will recites "I acknowledge that I own a life insurance policy insuring the life of my mother, Florence Kowalski, with the beneficiary as my wife, Lisa Kowalski."

8. Prior to his death, and while Mother was still living, the Son effectuated a change of ownership from himself to his wife, Plaintiff Kowalski. However, the intent of the Son, as reflected in the terms of his Will, was to effectuate a change of ownership <u>and</u> change of beneficiary to Kowalski. However, through inadvertence and mutual mistake between Son and Kowalski, only the change of ownership was effectuated.

9. After the Insured died, on or about February 4, 2011, Kowalski realized for the first time that she and the Son had made a mutual mistake in assuming that the change of ownership did not also automatically result in the change of beneficiary.

10. Pursuant to the terms of the Policy, when the beneficiary predeceases the insured the insured's estate becomes the beneficiary. Mother died intestate and the only natural child still living is a daughter, Barbara Wilson (hereinafter "Wilson"). Wilson is a resident of Pennsylvania and has been served with notice of the instant action. Wilson has filed a responsive pleading asserting that she doesn't have the minimal contacts with the State of Florida necessary for this Court to obtain jurisdiction over her. Notwithstanding the inability of this Court to exercise personal jurisdiction over Wilson, this Court's *in*

*rem* jurisdiction over the Policy is sufficient to enter the declaration Kowalski seeks herein.

11. On or about May 12, 2011, Wilson acknowledged the mistake and sent Jackson a notarized letter renouncing any interest she may have to the death benefits. Attached hereto as Exhibit "B" is a true copy of Wilson's letter to Jackson dated May 12, 2011.

12. The Policy was purchased in Florida by Son. Son and Kowalski fully supported Mother for many years and paid all of the premiums due on the Policy. Mother was a resident of Florida at all relevant times herein and Florida has a paramount interest in adjudicating the rights and interests of its citizens and settlement of life insurance death benefits sold within its boundaries.

13. Despite repeated requests, Jackson refuses to pay the death benefit to Kowalski. As a result, Kowalski has hired the undersigned and has promised to pay a fee.

14. All conditions precedent have occurred or have been waived.

WHEREFORE, Kowalski prays for an Order declaring her the owner and beneficiary and the sole individual entitled to receive the Policy's death benefits, for attorney's fees and costs of litigation pursuant to §627.428, F.S. and for such other relief as is just and proper.

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on July 19, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following users:

| | |
|---|---|
| Jason Hunter Korn | Thomas G. Aubin |
| Joshua A. Hajek | Farah Bridges |
| Attorneys for Wilson | Attorneys for Jackson National |
| COHEN & GRIGSBY, P.C. | STEARNS WEAVER MILLER |
| 9110 Strada Place | WEISSLER ALHADEFF & SITTERSON |
| Suite 6200 | 200 East Las Olas Blvd., Suite 2100 |
| Naples, Fl. 34108 | Ft. Lauderdale, Fl. 33301 |

By: */c/ Charles P. Randall*
Attorney for Kowalski
Charles P. Randall
8000 N. Federal Hwy., Ste #330
Boca Raton, Fl. 33487
TEL:  (561)  750-5050
FAX:  (561)  750-7272
chuck@cprattorney.com