IN THE UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

LISA KOWALSKI,
 a Florida Resident                CASE NO.: 12-60597-CIV-COHN-SELTZER

      Plaintiff,

v.

JACKSON NATIONAL LIFE
 INSURANCE COMPANY,
 a Michigan Corporation,

      Defendant.
_____/

## KOWALSKI'S MOTION TO COMPEL DEFENDANT TO DEPOSIT DEATH BENEFIT INTO THE REGISTRY OF THE COURT;

Plaintiff, Lisa Kowalski ("Kowalski"), moves this Court for an Order compelling Defendant, Jackson National Life Insurance Company ("Jackson"), to deposit the death benefits of the subject *res* ("Policy") into the registry of this Court and states as follows:

### UNDISPUTED FACTS

The Insured, Florence Kowalski ("Insured"), died intestate on or about February 4, 2011 while a resident of Broward County, Florida. Insured's Son, Edward J. Kowalski ("Son"), and his Wife, Plaintiff Kowalski, took out a policy of insurance upon the life of Insured, bearing issue date of March 18, 1992, written by Jackson. From the time the Policy was issued until shortly before his own death, Son was both the Owner and Beneficiary of the Policy. Son died on April 30, 2008, thirty-four (34) months before the Insured died. According to the terms of the Policy, the death benefits are payable to the Insured's Estate where the beneficiary predeceases the Insured.

1

Son died from cancer of the esophagus and attempted to put his affairs in order by executing a Last Will and Testament on April 25, 2008, five (5) days before he died. Article VI of the Will states in relevant part: "I acknowledge that I own a life insurance policy insuring the life of my mother, FLORENCE KOWALSKI, with the beneficiary as my Wife, LISA KOWALSKI." For whatever reason, Jackson completed a "change of ownership" endorsement on November 7, 2008, approximately seven (7) months after Son initiated efforts to transfer both the Ownership and Beneficiary designations to his Wife, Kowalski.[1] Kowalski, under the mistaken belief that her Husband had changed both the Owner and Beneficiary designations to her, supported the Policy for the subsequent thirty-four (34) months before Insured died.[2] As the Owner of the Policy, Kowalski could have easily changed the beneficiary designation at any time before the Insured's death. Yet she did not being under the mistaken belief that she was both the Owner and Beneficiary of the Policy.

The Insured's daughter, Barbara A. Wilson ("Daughter"), somehow discovered the existence of the Policy and on February 26, 2011, within twenty-two (22) days of the Insured's death, filed a claim with Jackson for the Policy's death benefits. Wilson's Life Insurance Claim Form filed with Jackson is attached hereto as Exhibit #1.  By Letter dated March 14, 2011, attached hereto as Exhibit #2, Jackson denied Wilson's claim.  On

---

[1] The undersigned does not have a copy of the actual Change of Ownership Endorsement. This any other as well as other documentation should have been disclosed by Jackson in the Initial Disclosures. The undersigned has written the attorneys for Jackson demanding the production of the omitted documents prior to filing a Motion to Compel.

[2] Son and Kowalski exclusively supported Mother for approximately 2 decades, buying her a residence and being the caregiver through the time of her death. Son and Kowalski paid all premiums on the life insurance policy issued through Jackson.

2

or about April 20, 2011, Kowalski filed her claim for the death benefits. Kowalski's Life Insurance Claim Form submitted to Jackson is attached hereto as Exhibit #3. Thereafter, Wilson renounced any claim to the Policy's death benefits by notarized Letter dated May 12, 2011. Wilson's Waiver Letter is attached hereto as Exhibit #4.

For unknown reasons, Jackson failed to process the death claim, failed to amend the Policy to reflect Kowalski as the rightful beneficiary, and failed to interplead the funds into the court thus terminating its known obligation. Jackson has continued to hinder and delay the payment of the death benefits since May 12, 2011 despite having clear and convincing evidence that Kowalski is the rightful beneficiary and despite having received Kowalski's Claim Form. Kowalski sent to Jackson a Letter dated October 3, 2011, attached hereto as Exhibit #5, explaining that she was under duress and didn't have the resources available to pay the attorney's fees necessary to litigate the matter. It is believed that Kowalski has taken a loan from the Policy's cash value that is accruing interest at the rate of eight percent (8%). The simple fact is that the loan can be offset against the death benefits at such point of time as Jackson pays the death benefits.[3] Yet Jackson continues to involve itself in matters affecting the probate actions taken by Wilson, still maintains the position that it won't file an answer until Wilson is appointed the personal representative and still fails to satisfy its obligations by the payment of the death benefits into the registry of this Court. While this situation is continuing, Kowalski is accruing unnecessary interest charges for a loan that should have been extinguished well over a year ago.

---

[3] In addition to its numerous failures to produce other documents in its initial disclosures, Jackson has failed to provide Kowalski the documents relating to loan against the Policy. Kowalski will move to compel the production of these omitted documents shortly.

3

For her part, Wilson contested this Court's jurisdiction over her and sought, and was granted by agreement of the undersigned, the dismissal from the instant litigation. Despite maintaining that she did not have the requisite minimum contacts for the exercise of this Court's jurisdiction over her [D.E. 15; 5/10/12], Wilson has now filed a second Petition For Administration of the Estate of Florence Kowalski that lists the only asset as the Policy's death benefit. A true copy of Wilson's Petition is attached hereto as Exhibit #6. In response, Kowalski has filed a Motion To Stay Action, attached hereto as Exhibit #7, contesting Wilson's contention that the death benefit in any way belongs to the Insured's estate. Of course, the effect of placing the death benefit into the Insured's estate would be to completely cutoff Kowalski's interest and allow Wilson, who has never supported the Policy, to siphon off the majority of the funds.

Jackson continues to hold the *res* (death benefit) and apparently intends to do so for an indefinite period of time. Until such time as this Court rules on the merits of Kowalski's claim, or the probate mess created by Wilson is resolved, Jackson should be ordered to immediately account for the full amount of the death benefit due, to extinguish the Policy loan taken out by Kowalski, and to deposit the proper death benefits into the registry of this Court. It is inequitable for Jackson to continue to hold these funds and seek to offset its payment obligation against the unnecessary running of interest on Kowalski's loan. Further, Jackson should be required to immediately file an Answer or other Responsive Pleading to Kowalski's First Amended Complaint. Kowalski

respectfully requests that she be allowed to reserve her rights to bring further action once Jackson produces all of the documents within its possession relating to this matter.

WHEREFORE, Kowalski prays for an Order requiring Jackson to deposit the death benefits into the registry of this Court and for such other relief as is just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 28, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following users:

Jason Hunter Korn  
Joshua A. Hajek  
Attorneys for Wilson  
COHEN & GRIGSBY, P.C.  
9110 Strada Place  
Suite 6200  
Naples, FL   34108

Thomas G. Aubin  
Farah Bridges  
Attorneys for Jackson National  
STEARNS WEAVER MILLER  
WEISSLER ALHADEFF & SITTERSON  
200 East Las Olas Blvd., Suite 2100  
Ft. Lauderdale, FL 33301

By: */s/ Charles P. Randall*  
Charles P. Randall  
Attorney for Lisa Kowalski  
8000 N. Federal Hwy., #330  
Boca Raton, Fl. 33487  
Tel: (561) 750-5050  
Fax: (561) 750-7272  
FBN 651559