UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60597-CIV-COHN/SELTZER

LISA KOWALSKI, a Florida resident,

    Plaintiff,

v.

JACKSON NATIONAL LIFE INSURANCE
COMPANY, a Michigan corporation,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO DEPOSIT DEATH BENEFIT INTO COURT REGISTRY**

**THIS CAUSE** is before the Court upon Plaintiff Lisa Kowalski's Motion for Partial Summary Judgment Pursuant to Rule 56, Fed. R. Civ. P. And Local Civil Rule 56.1 [DE 35] ("Motion for Summary Judgment") and Plaintiff's Motion to Compel Defendant to Deposit Death Benefit Into the Registry of the Court [DE 34] ("Motion to Compel") (collectively "Motions"). The Court has carefully reviewed the Motions, Defendant Jackson National Life Insurance Company's Response to Plaintiff's Motion for Partial Summary Judgment [DE 40] ("Summary Judgment Response"), Jackson National Life Insurance Company's Response to Plaintiff's Motion to Compel Defendant to Deposit Death Benefit Into the Registry of the Court [DE 36] ("Motion to Compel Response"), Plaintiff's Reply in Support of Her Motion to Compel [DE 37] ("Motion to Compel Reply"), the record in the case, and is otherwise fully advised in the premises.

I. BACKGROUND

Plaintiff Lisa Kowalski ("Plaintiff") commenced this action on April 3, 2012 against Defendants Jackson National Life Insurance Company ("Jackson") and Barbara Wilson ("Wilson"). See Complaint [DE 1]. After Wilson filed a motion to dismiss alleging that this Court lacked personal jurisdiction over her and Jackson sought dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Plaintiff sought leave to file an amended complaint which dropped Wilson as a party and amended the allegations in her Complaint. See DE 21. The Court granted the Motion and allowed Plaintiff to amend the Complaint. See DE 29. The Amended Complaint alleges that Jackson issued a life insurance policy to Edward Kowalski for the life of his mother, Florence P. Kowalski (the "Insured"). Am. Compl. ¶ 6. Mr. Kowalski, the Plaintiff's husband, died on or about November 7, 2008 and predeceased the Insured. Id. ¶ 7. Prior to Mr. Kowalski's death, he and his wife attempted to change the ownership and beneficiary of the policy. Id. ¶ 8. The insured died on or about February 4, 2011. Id. ¶ 9. It is after the Insured's death that Plaintiff alleges that she realized that she and her husband "made a mutual mistake in assuming that the change of ownership did not also automatically result in the change of beneficiary." Id. ¶ 9. Plaintiff seeks an order from this Court which reflects that she is the owner and beneficiary of the policy proceeds. Id. at 3.

On July 27, 2012, Jackson filed an unopposed motion in which it sought to be allowed to respond to the Amended Complaint within 10 business days of the appointment of a personal representative for the Insured's estate. See DE 31. In the motion, Jackson explained that it has no interest to the policy proceeds and needs the

proper adverse claimants to the proceeds before the Court in order to interplead the funds into the Court registry.  Id. ¶ 4.  The Court granted this motion.  See DE 32.[1]

Although Jackson, with the Court's permission, has yet to file its answer, Plaintiff has now moved (1) to compel Jackson to deposit the proceeds of the policy into the Court registry and (2) for partial summary judgment.  In essence, Plaintiff seeks an order from the Court that it is entitled to the proceeds of the policy even though Jackson has yet to file its answer or to interplead the Insured's estate into the action.  Jackson opposes both Motions, arguing that the Motions are premature because Jackson has not yet had an opportunity to interplead the Insured's estate as a party to this action.  For the reasons discussed below, the Court agrees with Jackson's position and will deny both Motions.

## II. DISCUSSION

### A. The Motion to Compel Must be Denied.

Plaintiff moves to compel Jackson to deposit the insurance proceeds into the Court Registry because "[i]t is inequitable for Jackson to continue to hold these funds and seek to offset its payment obligation against the unnecessary running of interest on Kowalski's loan."  Motion to Compel at 4.  Jackson opposes the Motion to Compel because it intends to serve and file a responsive interpleader pleading once a personal representative is appointed for the Insured's estate.  Motion to Compel Response at 3.  Jackson also states that Plaintiff's concerns about the $50,000 loan she obtained

---

[1] On October 11, 2012, Jackson informed the Court that on October 10, 2012, Barbara Wilson was appointed as the representative of the estate of the Insured,.  See DE 45 ¶ 4.  Jackson advised that it would file its answer within 10 days of the date of issuance of letters of administration confirming Wilson's appointment.  See id. ¶ 5.

continuing to accrue interest are unfounded because the amount of the loan payoff is based upon the date of the Insured's death.  Id. at 4.[2]

The Court rejects Plaintiff's argument that this Court "does not require the estate or any party that may have an interest in the *res* to be a party before it."  See Motion to Compel Reply at 1 n.1.[3]  Plaintiff is seeking a declaratory judgment from this Court that she is both the owner and the beneficiary of the insurance proceeds held by Jackson.  See Am. Compl. at 3.  The Court cannot determine who is entitled to the insurance proceeds without all parties who have claimed an interest in the proceeds before the Court.  "The Florida Supreme Court has made it clear that 'before any proceeding for declaratory relief is entertained, all persons who have an 'actual, present, adverse, and antagonistic interest in the subject matter' should be before the court.'"  Capitol Specialty Ins. Corp. v. R.G. Rancho Grande Corp., No. 09-22685-CIV, 2010 WL 1541187, at *1 (S.D. Fla. Apr. 16, 2010) (quoting Fla. Dep't of Educ. v. Glasser, 622 So. 2d 944, 948 (Fla. 1993)).  The Third District Court of Appeals has recently affirmed that

---

[2]     Jackson also seeks its attorneys fees incurred in responding to the Motion to Compel because Plaintiff failed to confer before filing the motion, in violation of Local Rule 7.1(c)(3).  Motion to Compel Response at 5.  Although the Court declines to grant this request, Plaintiff is cautioned that future failure to comply with the Local Rules may result in imposition of sanctions including imposition of attorneys fees.

[3]     Additionally, the Court does not find the case Plaintiff relies upon for the proposition that the Court has in rem jurisdiction over the policy persuasive.  Plaintiff relies upon a 1985 decision from the Eastern District of North Carolina.  The case actually held that an in rem action seeking partition under North Carolina law of personal property located in North Carolina did not present a case or controversy within subject matter jurisdiction of the federal court.  See Chapman v. Vande Bunte, 604 F. Supp. 714 (E.D.N.C. 1985).  The quote Plaintiff has cherry picked from this decision to support her in rem jurisdiction argument has no bearing upon the requirements for seeking a declaratory judgment under Florida law.

"[a] plaintiff is entitled to a declaration where: (1) there is a bona fide, actual, present practical need for the declaration; (2) the declaration sought deals with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; (3) an immunity, power, privilege or right of the plaintiff depends on the facts or the law that applies to the facts; (4) some persons have an actual, present, adverse and antagonistic interest in the subject matter; (5) *all persons with an adverse and antagonistic interest are before the court*; and (6) the declaration sought does not amount to mere legal advice." Citizens Prop. Ins. Corp. v. Ifergane, – So. 3d –, Nos. 3D10–1195, 3D09–3293, 2012 WL 4010964, at *3  (Fla. Dist. Ct. App. Sept. 12, 2012) (internal quotation marks and citations omitted) (emphasis added).

Here, Plaintiff admits in her Amended Complaint that neither she nor her husband ever changed the beneficiary of the policy. Am. Compl. ¶ 9. Plaintiff also concedes that "when the beneficiary predeceases the insured the insured's estate becomes the beneficiary." Id. ¶ 10. Thus, because on the face of the policy the Insured's estate is the named beneficiary, the Court cannot declare that Plaintiff is the beneficiary without the participation of the Insured's estate in this litigation. The Court has already given Jackson leave to file its answer in this matter once a representative has been appointed for the Insured's estate. See DE 32. Jackson has also repeatedly disclaimed its interest in the policy proceeds and stated its intention to interplead the funds with the Court once all proper parties are before the Court. Plaintiff has presented no legitimate reason[4] to compel Jackson to deposit the funds in the Court

---

<sup>4</sup> Indeed, Jackson disputes Plaintiff's claim that a loan taken against the policy continues to accrue interest. Motion to Compel Response at 4.

5

registry before Jackson has responded to the Amended Complaint.  See Scott v. Bd. of Trs. of Mobile S.S. Ass'n-Int'l Longshoremen's Ass'n Pension, Welfare & Vacations Plans, 859 F.2d 872, 875 n.1 (11th Cir. 1988) ("Where a third party stakeholder is compelled to make payment regardless of the outcome of conflicting third party claims, the appropriate remedy for the third party would be either an action for a declaratory judgment or an interpleader action, see Rule 22(a). Two of the most poignant examples of this are where an insurer owes the proceeds of a life insurance policy, to which there are conflicting claims, and where an administrator or executor of an estate is confronted with two or more conflicting claims of the assets of the estate.").  Accordingly, the Court will deny the Motion to Compel.

### B. The Motion for Summary Judgment.

#### 1. Legal Standard.

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 586 (1986).  The non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

As long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

## 2. The Motion for Summary Judgment Must Be Denied.

Plaintiff also moves for partial summary judgment, seeking "an equitable declaration naming her as the beneficiary of the Policy entitled to the death benefits." Motion for Summary Judgment at 3.  Jackson opposes the Motion for Summary Judgment because the motion is "legally insufficient, premature, and would deprive Jackson and other interested parties of due process."  Summary Judgment Response at 1.  Plaintiff's Motion for Summary Judgment must be denied for several reasons. First, for the reasons discussed above, the motion is premature.  This Court will not render a declaratory judgment without the estate of the Insured being added as a party to this matter.  Second, the motion falls woefully short of the standard set forth in Federal Rule of Civil Procedure 56.  Indeed, partial summary judgment is not proper

here because Jackson disputes a number of facts which Plaintiff claims are undisputed. See, e.g., Defendant's Response to Plaintiff's Statement of Undisputed Material Facts [DE 41] ¶¶ 4, 6, 7, 8.  Because Plaintiff has failed to establish through the record in this case, that there is an absence of genuine dispute of material facts, the Court would not grant Plaintiff's Motion for Summary Judgment even if all necessary parties were joined in this action.[5]

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Lisa Kowalski's Motion for Partial Summary Judgment Pursuant to Rule 56, Fed. R. Civ. P. And Local Civil Rule 56.1 [DE 35] is **DENIED**;

2. Plaintiff's Motion to Compel Defendant to Deposit Death Benefit Into the Registry of the Court [DE 34] is **DENIED**;

3. Jackson National Life Insurance Company's Request for Judicial Notice [DE 44] is **DENIED** as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of October, 2012.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.

---

[5] Because it was not necessary to consider the documents referenced in Jackson's Request for Judicial Notice [DE 44], the Court will deny that motion as moot.