UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  12-CV-60597 COHN/SELTZER

LISA KOWALSKI, a Florida resident,

       Plaintiff/Counterdefendant,

v.

JACKSON NATIONAL LIFE INSURANCE
COMPANY, a Michigan corporation,

       Defendant/Counterplaintiff/
       Third-Party Plaintiff,

v.

BARBARA   WILSON   AS   PERSONAL
REPRESENTATIVE OF THE ESTATE OF
FLORENCE P. KOWALSKI,

       Third-Party Defendant.
_____/

**DEFENDANT'S VERIFIED MOTION TO DEPOSIT LIFE INSURANCE POLICY
PROCEEDS INTO THE COURT REGISTRY AND TO BE DISMISSED FROM ACTION**

      Defendant Jackson National Life Insurance Company ("Jackson") moves pursuant to
Fed. R. Civ. P. 7 and 22 and L.R. 7.1, to immediately deposit the proceeds of a life insurance
policy into the registry of the Court, and to be dismissed from the above-captioned action with
prejudice subject to this Court reserving jurisdiction to award Jackson attorneys' fees and costs,
and states as follows:

**FACTS**

**A.**     **The Life Insurance Policy**

      On or about March 18, 1992, Jackson issued a life insurance policy (policy number
0019502390) upon the life of Florence P. Kowalski (the "insured"), with a face amount of

$175,500.00 [DE 35-3; 35-4; 43, ¶6 and Exhibit 1].  At the time the policy was issued, the insured's son, Edward Kowalski, was the owner and beneficiary of the policy, and no contingent beneficiaries were named under the policy [DE 35-3, p.2[1]; 35-4, p.4; 43, ¶7].

Edward Kowalski died on April 30, 2008 [DE 35-5, p.6].  On September 29, 2008, and again on October 29, 2008, Edward Kowalski's wife, Plaintiff Lisa Kowalski ("Plaintiff"), submitted Life Service Request forms to Jackson requesting that she be named the owner of the policy in place of her deceased husband [DE 42, Tab A[2]; 43, ¶9].  Neither of these forms sought a change of the beneficiary, and no change of beneficiary form was ever received by Jackson. *Id.* Jackson confirmed Plaintiff's status as the new owner of the policy by letter dated November 7, 2008 [DE 42, Tab D; 43, ¶12].

On July 18, 2006, August 18, 2006, and September 18, 2006, automatic loans each in the amount of $648.75 were charged against the policy to pay premiums which were past due [DE 42, Tab C; 43, ¶8].

On or about October 14, 2010, Plaintiff, as the policy owner, obtained a loan against the policy in the amount of $50,000.00 [DE 42, Tab E; 43, ¶13].  Plaintiff never paid back any portion of the loan [DE 35, p.5; 43, ¶14], and interest on the loan ceased to accrue as of the date of the insured's death [DE 36, p.4; 36-2, p.2; 43, ¶15].

The insured, Florence P. Kowalski, died on February 4, 2011 [DE 35-5, p.8].  Pursuant to the express terms of the policy, upon the insured's death, where the named beneficiary (Edward Kowalski) predeceases the insured, the proceeds of the policy are "payable to the estate or legal successors of the Insured."  [DE 35-3, p.4].

---

[1]  Page reference citations to docket entries refer to the page numbers generated by the Clerk located across the top of the page.

[2]  Tab reference citations refer to the Tabs in the previously filed Appendix [DE 42].

The face value of the death benefit is $258,508.21.  The payoff amount for the loan on

the policy including capitalized interest through the date of the insured's death on February 4,

2011, is $53,488.20.  Thus, the net value of the death benefit ($258,508.21 - $53,488.20) is

$205,020.01.[3]

**B.      The Adverse Claims To The Proceeds**

Three days following the insured's death, on February 7, 2011, Jackson received an

initial claim notification via telephone from the insured's son-in-law, William, who advised

Jackson that the insured had died, and that all forms were to be mailed to the insured's daughter,

Barbara Wilson ("Wilson") [DE 42, Tab F; 43, ¶16].  Shortly thereafter, on February 9, 2011,

Jackson sent Wilson a letter advising that in order to process the claim against the policy, she had

to complete and return certain documentation, which Jackson never received [DE 42, Tab G; 43,

¶17].

On February 11, 2011, Jackson sent Plaintiff, as the policy owner, a letter advising that

Jackson had established a claim for the Estate of Florence P. Kowalski, and that in order to

process the claim it needed a claim form, tax ID number, estate papers and a final certified death

---

[3] Jackson should not be required to pay interest on the death benefit pursuant to §627.4615, Fla. Stat. (which provides for payment of at least 8.0% interest on overdue death benefits) from the date the insurer received proof of death.  *See Allstate Ins. Co. v. Palterovich,* 653 F.Supp.2d 1306, 1327-28 (S.D. Fla. 2009)(finding awards of prejudgment interest are equitable remedies, to be awarded or not awarded in the district court's sound discretion).  The claimants to the policy should be estopped from asserting that any interest is due because they failed to provide Jackson with the requisite proof for Jackson to make payment of the death benefit.  *See* Jackson's death benefit claim form and Jackson's responses regarding missing proof at DE 42, Tabs F, G, H, J, K, L, N, O, P, Q; *Wisconsin Life Ins. Co. v. Sills,* 368 So. 2d 920, 922 (Fla. 5th DCA 1979)("Because the insurer was not obliged to pay the death benefit in question until proper proofs were submitted...we respectfully disagree with the trial court's decision that interest was payable from the date of death.").  Indeed, through no fault of Jackson, it was unable to pay either claimant the death benefit, and was unable to file its interpleader action joining the insured's estate until after a personal representative was appointed on October 31, 2012.  Jackson should not be punished for the delay in making payment of the proceeds when the delay is not attributable to Jackson and Jackson has acted diligently and in good faith to resolve the claims.

CASE NO.: 12-CV-60597 COHN/SELTZER

certificate [DE 42, Tab H; 43, ¶18].  On February 24, 2011, rather than receiving the requested

documentation, Jackson received a letter from Plaintiff stating, among other things, that in 2008

when she "filled out the forms [Jackson] sent … [her] … for change of ownership and

beneficiary on" the policy, she "neglected to fill in the new beneficiary section" to change the

beneficiary to herself, that she was entitled to the proceeds of the policy, and that she had hired

an attorney [DE 42, Tab I; 43, ¶19].

Just two days after Jackson received the correspondence from Plaintiff claiming that she

was entitled to the policy proceeds, on February 26, 2011, the insured's daughter, Wilson,

completed a Life Insurance Claim Form requesting that the policy proceeds be paid to her

individually [DE 42, Tab J; 43, ¶20].  In response, on March 14, 2011, Jackson sent Wilson a

letter advising that she was not a "recorded beneficiary" on the policy and that Jackson will pay

the proceeds to the named beneficiary (the estate of the insured) unless it receives a "court order

to the contrary." [DE 42, Tab K; 43, ¶21].  Later, Wilson advised Jackson that she, individually,

was no longer claiming an interest in the policy [DE 35-6, p.9; 40, p.11].

On March 15, 2011, Jackson sent a letter to Plaintiff advising that Jackson had not

received the requested documents from her necessary for consideration of the claim [DE 42, Tab

L; 43, ¶22].  A month later, on April 15, 2011, Plaintiff attempted to commence a probate

proceeding for the insured under Case No. PRC 11 0001716 in the Circuit Court in and for

Broward County, Florida, by filing a Petition for Summary Administration, naming herself as an

heir of the insured, but she failed to comply with the appropriate statute and failed to serve all

interested parties  [DE 42, Tab M].

On April 20, 2011, Plaintiff sent Jackson a completed Life Insurance Claim form

requesting that the policy proceeds be paid to her [DE 42, Tab N; 43, ¶23].  In response, Jackson

Case 0:12-cv-60597-JIC Document 50 Entered on FLSD Docket 11/27/2012 Page 5 of 12

CASE NO.: 12-CV-60597 COHN/SELTZER

sent Plaintiff at least nine letters including on April 29, 2011, May 6, 2011, June 18, 2011, August 3, 2011, September 17, 2011, November 1, 2011, December 16, 2011, January 31, 2012 and March 17, 2012, all advising her that she needed to submit the requested documents in connection with the claim under the policy [DE 42, Tab O; 43, ¶24]. Plaintiff never submitted the requested documentation [DE 43, ¶24].

On October 3, 2011, Plaintiff sent a letter to Jackson suggesting, again, that Jackson pay her the proceeds of the policy but without providing any documentation to support payment. [DE 42, Tab P; 43, ¶25]. Instead, along with her letter, Plaintiff attached a copy of Edward Kowalski's death certificate [DE 35-5, p.6], the insured's death certificate [DE 35-5, p.8], Edward Kowalski's Will dated April 25, 2008 (5 days prior to his death) [DE 35-5, p.10], and the May 12, 2011 letter from Wilson to Jackson [DE 35-6, p.9] [DE 42, Tab P; 43, ¶25].

On November 1, 2011, Jackson responded to Plaintiff explaining that Jackson had an insufficient basis to pay her the death benefit. Specifically, Jackson stated that "the beneficiary designation was not changed from Mr. Kowalski and pursuant to the terms of the policy, benefits are to be paid to the Estate if there is no beneficiary, or the beneficiary is deceased." In addition, Jackson stated that Edward Kowalski's Will provided by Plaintiff "is not specific enough for Jackson to make the assumption that this is the only policy Mr. Kowalski was referencing. Therefore, the death benefit is payable to the Estate of Florence P. Kowalski." Jackson further advised Plaintiff that it could only "consider paying" Plaintiff the death benefit if the insured's estate "waives its claim to the proceeds of the policy." [DE 42, Tab Q; DE 43, ¶26]. Jackson did not receive any documentation (*i.e.*, estate papers) enabling it to pay the insured's estate either.

**C.     The Litigation**

On April 3, 2012, Plaintiff commenced this action by filing a claim for reformation of the

policy against Jackson and Wilson [DE 1].  Because the Complaint failed to state a cause of action for reformation, Jackson moved to dismiss it.[4]  Recognizing the deficiency, Plaintiff amended her complaint to attempt to state a declaratory action instead [DE 21].

The crux of Plaintiff's claim is that she is entitled to the proceeds of the policy because she contributed to payment of its premiums and cared for the insured.  Although Plaintiff admitted in her First Amended Complaint that the policy, on its face, provides that the proceeds are to be paid to the insured's estate, she did not join the insured's estate to the proceeding.[5]  Rather than move to dismiss Plaintiff's First Amended Complaint for failure to join an indispensable party, Jackson advised the Court that it is a mere stakeholder with no interest in the proceeds or the dispute between Plaintiff and the insured's estate and that it intended to respond to the First Amended Complaint by interpleading the proceeds of the policy in the Court registry when all adverse claimants (including the estate) were before the court [DE 31, ¶4].  Jackson, however, could not serve or properly join the estate to its interpleader until a personal representative was appointed.  Thus, the Court ordered that Jackson respond to the First Amended Complaint within ten (10) business days of the appointment of a personal representative to the estate [DE 32].

On August 13, 2012, the estate's counsel filed a Petition for Administration and a request that Wilson be appointed the personal representative [DE 34-2, p.2].  The estate's counsel also

---

[4] Wilson also moved to dismiss the Complaint for lack of personal jurisdiction and the Court granted the motion [DE 15, DE 29].

[5] It is well-settled that "before any proceeding for declaratory relief is entertained, all persons who have an actual, present, adverse and antagonistic interest in the subject matter should be before the court." *Capitol Specialty Ins. Corp. v. R.G. Rancho Grande Corp.*, No. 09-22685-CIV, 2010 WL 1541187 *1 (S.D. Fla. Apr. 16, 2010) *quoting Florida Department of Educ. v. Glasser*, 622 So. 2d 944, 948 (Fla. 1993); *Citizens Prop. Ins. Corp. v. Ifergane*, -- So. 3d --, Nos. 3D10-1195, 3D09-3293, 2012 WL 4010964, at *3 (Fla. 3d DCA Sep. 12, 2012)(same).

filed an objection to Plaintiff's  previously filed Petition for Summary Administration dated April 15, 2011 explaining several reasons why it was deficient [DE 42, Tab R].  Shortly thereafter, Plaintiff filed a Motion to Stay the insured's probate [DE 34-2, p.6], which further delayed the appointment of a personal representative and Jackson's ability to interplead the proceeds.[6]

Rather than permitting Jackson to interplead the proceeds and join the estate as a necessary party, on August 28, 2012, Plaintiff prematurely filed a motion to compel Jackson to deposit the proceeds in the Court registry [DE 34] and on September 5, 2012 filed a motion for partial summary judgment [DE 35], all before the estate was joined to the proceeding.  Jackson was forced to respond to both motions which required its counsel to conduct research, prepare lengthy responses, and make substantial evidentiary submissions [DE 36, 38, 40, 41, 42, 43, 44]. The Court denied both of Plaintiff's spurious motions, ruling in favor of Jackson [DE 46].

Ultimately, on October 10, 2012, the state probate Court entered an order appointing Wilson as the personal representative subject to her posting a bond in the amount of $200,000.00, and denied Plaintiff's Motion to Stay the proceeding [DE 45; 45-1; 45-2]. Letters of administration were issued on October 31, 2012, officially confirming Wilson's appointment [DE 47-2].

Pursuant to Rule 22, on November 12, 2012, Jackson filed and served its interpleader action in which it requests that the Court permit Jackson to immediately deposit the proceeds of the policy in the registry of the Court, that the Court determine the correct beneficiary among the adverse claimants and that Jackson be dismissed from the above-captioned action and all further

---

[6] Because of these intentional or negligent acts, Jackson has been forced to expend considerable sums in the form of attorneys' fees and costs to ensure that the proper parties were brought before the Court.

liability subject to the Court's reservation of jurisdiction to award attorneys' fees and costs.

## MEMORANDUM OF LAW

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *See Ohio Nat'l Life Assurance Corp. v. Langkau*, 353 Fed. Appx. 224, 2009 WL 3824789 *3 (11th Cir. 2009) (internal citations omitted). "Interpleader proceeds in two stages. At the first stage, the court determines whether interpleader is proper and whether to discharge the stakeholder from further liability to the claimants. At the second stage, the court evaluates the respective rights of the claimants to the interpleaded funds." *Langkau*, 353 Fed. Appx. at *3 (internal quotations and citations omitted).

In the first stage, the Court decides whether the requirements for a rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to the fund. *See Orseck, P.A. v. Servicios Legales de Meso America S. De. R.L.*, 699 F. Supp.2d 1344, 1349 (S.D. Fla. 2010). "District courts addressing the first phase of an interpleader action may also determine if the stakeholder is disinterested—i.e., makes no claim to the res—and, if so, discharge it from liability and dismiss it from the action." *Id.* "It is a generally accepted principle that a disinterested stakeholder filing an action in interpleader may be dismissed from the case, discharged from further liability, and, in the Court's discretion, awarded attorneys' fees and costs." *Kurland v. U.S.,* 919 F.Supp. 419, 421 (M.D. Fla. 1996). "This practice is particularly common in cases involving life insurance proceeds where the interpleading insurers—as disinterested stakeholders—deposit the res into the court's registry and request immediate dismissal from the action (as well as fees and costs incurred in connection therewith)." *Orseck, P.A. v. Servicios Legales de Meso America S. De.*

*R.L.*, 699 F. Supp.2d 1344, 1349 (S.D. Fla. 2010); *John Alden Life Ins. Co. v. Vanlandingham*, No. 5:04CV538OC10GRJ, 2006 WL 1529047 *4 (M.D. Fla. May 30, 2006)(granting motion for interpleader and fees and noting that plaintiff, as a disinterested stakeholder, was entitled to early dismissal from the case with prejudice).

Here, there is no dispute that there are competing claims between Plaintiff and the insured's estate to the proceeds of the policy, and that Jackson claims no interest in the proceeds of the policy. Because the requirements of interpleader are met, this Court should permit Jackson to immediately deposit the proceeds of the policy in the Court registry and dismiss it from the action[7] subject to and reserving jurisdiction to award Jackson its attorneys' fees and costs incurred in this litigation.[8]

## CERTIFICATE OF COMPLIANCE

Jackson certifies that it has conferred with Plaintiff's counsel and counsel for Third-Party Defendant regarding the instant Verified Motion to Deposit Life Insurance Policy Proceeds Into The Court Registry and To Be Dismissed From Action. Plaintiff's counsel has advised that he

---

[7] Jackson's discharge from the proceeding would not destroy the Court's diversity jurisdiction or ability to determine the proper beneficiary among the two nondiverse claimants (the Plaintiff and the estate). *See State Farm Life Ins. Co. v. Talavera*, No. 8:05-cv-775-T-24EAJ, 2006 WL 2048301 *2 (M.D. Fla. Jul. 20, 2006)(finding that once diversity exists in an interpleader brought pursuant to Rule 22, it is not lost when the stakeholder is discharged, leaving only nondiverse claimants).

[8] Jackson will separately file a verified motion for attorneys' fees and costs pursuant to L.R. 7.3. In an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the Court, to a disinterested stakeholder in interpleader. *See Prudential Ins. Co. of America v. Boyd*, 781 F.2d 1494 (11th Cir. 1986); *McKinnon v. Reliance Ins. Co.*, 151 So. 699 (Fla. 1933)(holding that insurer, who was disinterested stakeholder, was entitled to attorneys' fees from fund in controversy); *Cable Atlanta, Inc. v. Project, Inc.*, 749 F.2d 626, 626 (11th Cir. 1984)(normally, stakeholder who brings interpleader action to determine which claimant is entitled to fund it holds, but does not claim, is entitled to award of fees and costs it incurred in bringing action).

CASE NO.:  12-CV-60597 COHN/SELTZER

takes issue with whether or not Jackson should pay interest and whether attorneys' fees should be awarded, and counsel for Third-Party Defendant has advised that he objects to Jackson's request (which Jackson intends to make by separate motion pursuant to L.R. 7.3) to an award of attorneys' fees from the proceeds of the policy.

WHEREFORE, Jackson respectfully requests the Court adjudge that (a) the Counterdefendant and Third-Party Defendant be restrained from instituting any action against Jackson for recovery of the proceeds of the policy no. 0019502390; (b) Jackson be permitted to pay the proceeds of the policy into the Court registry in the amount of $205,020.01; (c) the Counterdefendant and Third-Party Defendant be required to settle between themselves their rights to the proceeds of the Policy, or any party thereof; (d) Jackson be discharged from all liability in the premises, including specifically, that Jackson be discharged of all liability under policy no. 0019502390; (e) Jackson be dismissed from the entire action, including Plaintiff's action against Jackson, with prejudice, subject to Jackson's right to request reasonable attorneys' fees and costs; (f) the Court reserve jurisdiction for the entry of an award of attorneys' fees and costs incurred by Jackson; and (g) for all such other and further relief as the Court deems just.

Dated: November 27, 2012
Fort Lauderdale, Florida

Respectfully submitted,

By:  /s/Farah Bridges
THOMAS G. AUBIN, ESQUIRE
Florida Bar No. 8060
E-mail: taubin@stearnsweaver.com
FARAH BRIDGES, ESQUIRE
Florida Bar No. 56861
E-mail: fbridges@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER**
**ALHADEFF & SITTERSON, P.A.**
200 East Las Olas Boulevard, Suite 2100 Fort
Lauderdale, Florida 33301
Tel: (954) 462-9500 / Facsimile: (954) 462-9567
*Attorneys for Defendant, Jackson National Life*
*Insurance Company*

CASE NO.: 12-CV-60597 COHN/SELTZER

## VERIFICATION

Jackson National Life Insurance Company

By: _Scott D. Welling_

Printed Name: _Scott D. Welling_

Title: _Associate General Counsel_

STATE OF _Michigan_ )
                              ) ss.:
COUNTY OF _Ingham_ )

     BEFORE   ME,   personally   appeared   _Scott D. Welling_____, the _Associate General Counsel_ of Jackson National Life Insurance Company, who, upon being first duly   sworn   according   to   law,   who   is   personally   known   to   me   or   has   presented _____ as identification, deposes and says that he/she executed the foregoing Verification to Jackson's <u>Motion to Deposit Life Insurance Policy Proceeds Into the Court Registry and to Be Dismissed from Action Subject to Award of Attorneys' Fees and Costs</u>, and that the contents thereof are true and correct to the best of his/her knowledge and belief.

     Sworn to and subscribed before me this _27_ day of _November_____, 2012.

Notary Public, State of _Michigan_____

Print or Stamp Name: _Tamara Ann McNamara Zuker_

Commission No: _____

My Commission Expires: _July 26, 2015_

TAMARA ANN McNAMARA ZUKER
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF CLINTON
My Commission Expires July, 26, 2015
Acting in the County of _Ingham_____

11

CASE NO.: 12-CV-60597 COHN/SELTZER

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by email

via CM/ECF on November 27, 2012, on all counsel or parties of record on the Service List

below.

By:    /s/Farah Bridges
               FARAH BRIDGES, ESQUIRE
               Florida Bar No. 56861

## <u>SERVICE LIST</u>

Charles P. Randall, Esq.
chuck@cprattorney.com
8000 North Federal Highway Suite 330
Boca Raton, Florida 33487
Telephone: (561) 750-5050
Facsimile: (561) 750-7272
*Attorneys for Plaintiff/Counterdefendant Lisa Kowalski*

Joshua Hajek, Esq.
jhajek@cohenlaw.com
Cohen & Grigsby, P.C.
9110 Strada P1 Ste 6200
Naples, Florida 34108
Telephone: (239) 390-1914
Facsimile: (239) 390-1901
*Attorneys for Third Party Defendant, Barbara Wilson as Personal Representative of the Estate of Florence P. Kowalski*

Service Via: CM/ECF

#2364328 v3