UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60597-CIV-COHN/SELTZER

LISA KOWALSKI, a Florida resident,

    Plaintiff/Counterdefendant,

v.

JACKSON NATIONAL LIFE INSURANCE
COMPANY, a Michigan corporation,

    Defendant/Counterplaintiff/
    Third-Party Plaintiff,

v.

BARBARA WILSON, as Personal
Representative of the ESTATE OF
FLORENCE P. KOWALSKI,

    Third-Party Defendant.
_____/

## ORDER DENYING PLAINTIFF LISA KOWALSKI'S MOTION TO DISMISS DEFENDANT JACKSON NATIONAL LIFE INSURANCE COMPANY'S CROSS CLAIM

**THIS CAUSE** is before the Court on Plaintiff Lisa Kowalski's Motion to Dismiss Defendant Jackson National Life Insurance Company's Crossclaim [DE 92] ("Motion"). The Court has reviewed the Motion, Defendant Jackson National Life Insurance Company's Response [DE 100] ("Response"), Plaintiff Lisa Kowalski's Reply [DE 101], the record in the case, and is otherwise advised in the premises.

I. BACKGROUND

Plaintiff Lisa Kowalski ("Kowalski") commenced this action on April 3, 2012, against Defendants Jackson National Life Insurance Company ("Jackson") and Barbara Wilson ("Wilson").  See Complaint [DE 1].  After Wilson filed a motion to dismiss

alleging that this Court lacked personal jurisdiction over her and Jackson sought dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Kowalski sought leave to file an amended complaint which dropped Wilson as a party and amended the allegations in her Complaint.  See DE 21.  The Court granted the Motion and allowed Plaintiff to amend the Complaint.  See DE 29.  The Amended Complaint alleges that Jackson issued a life insurance policy to Edward Kowalski for the life of his mother, Florence P. Kowalski (the "Insured").  Amended Complaint [DE 30] ¶ 6.  Mr. Kowalski, Kowalski's husband, died on or about November 7, 2008 and predeceased the Insured.  Id. ¶ 7.  Prior to Mr. Kowalski's death, he and his wife attempted to change the ownership and beneficiary of the policy.  Id. ¶ 8.  The insured died on or about February 4, 2011.  Id. ¶ 9.  It is after the Insured's death that Kowalski alleges that she realized that she and her husband "made a mutual mistake in assuming that the change of ownership did not also automatically result in the change of beneficiary."  Id. ¶ 9.  In the Amended Complaint, Kowalski sought a declaratory judgment from this Court reflecting that she is the owner and beneficiary of the policy proceeds.  Id. at 3.

On July 27, 2012, Jackson filed an unopposed motion in which it sought leave to respond to the Amended Complaint within 10 business days of the appointment of a personal representative for the Insured's estate.  See DE 31.  In the motion, Jackson explained that it has no interest in the policy proceeds and needed the proper adverse claimants to the proceeds before the Court in order to interplead the funds into the Court registry.  Id. ¶ 4.  The Court granted this motion.  See DE 32.

Before a personal representative had been appointed for the Insured's estate

and Jackson filed its answer, Kowalski moved (1) to compel Jackson to deposit the proceeds of the policy into the Court registry and (2) for partial summary judgment.  See DE 34, 35.  On October 31, 2012, the Court denied both motions as premature because the Court could not issue a declaratory ruling as to the beneficiary of the policy proceeds until all parties asserting an interest in the policy were before the Court.  See DE 46.

On November 12, 2012, Jackson filed its answer and third party complaint against Wilson, who the probate court had appointed as the personal representative of the Insured's estate.  See DE 47.  On January 22, 2013, Wilson filed her answer to Jackson's third party complaint.  See DE 75.  The answer asserts a cross claim against Kowalski and a counterclaim against Jackson.  See id.  On February 22, 2013, Jackson filed its answer to Wilson's counterclaim.  See DE 90.  This answer asserts a cross claim against Kowalski for fraudulent misrepresentation (Count I), negligent misrepresentation (Count II), indemnity (Count III), and unjust enrichment (Count IV).  Cross Claim [DE 90] at 17-20.  Kowalski has now filed the instant motion which seeks to dismiss the Cross Claim pursuant to Federal Rule of Civil Procedure 12(b)(2).  Motion at 1.[1]  Jackson opposes the Motion.

---

[1] Federal Rule of Civil Procedure 12(b)(2) permits dismissal of complaints for lack of personal jurisdiction.  Although the Motion states that it is brought pursuant to this provision, later in the Motion, Kowalski articulates the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6).  The Court, thus, has construed the Motion as a motion to dismiss pursuant to Rule 12(b)(6).  If Kowalski did intend to bring the Motion under Rule 12(b)(2), the Motion would also fail because Kowalski has not demonstrated that the Court lacks personal jurisdiction over her, especially given that she was the party who initially invoked the jurisdiction of this Court.

## II. DISCUSSION

Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'"  Id. at 556.

In the Motion, Kowalski contends that each of Jackson's causes of action is premised upon her alleged false representation that she was appointed as the executor of her husband's estate.  Motion at 2.  According to Kowalski, she is entitled to dismissal of the Cross Claim because the exhibits attached to the Cross Claim demonstrate that she never made any such representation.  Id.  Jackson opposes the Motion, arguing that Kowalski improperly "argues issues outside of the four corners of Jackson's crossclaim, discusses Kowalski's views of the evidence, and argues that Jackson cannot prove (rather than allege) its claim."  Response at 1.  For the reasons

discussed below, the Court agrees with Jackson and will deny the Motion.

The thrust of Kowalski's Motion is that exhibits Jackson attached to its Cross Claim establish that Kowalski did not misrepresent that she was the court-appointed executor of her husband's estate. Motion at 4. Kowalski asks the Court to go beyond the four corners of the Cross Claim and its exhibits to consider Kowalski's personal interpretation of the documents she exchanged with Jackson. For example, Kowalski argues that "[t]o a lay person like Lisa Kowalski, being designated as executor in a deceased person's will makes one that person's executor." Motion at 6. However, to reach this conclusion, the Court must look behind the factual allegations and documents attached to the Cross Claim to determine each parties' subjective intent regarding the meaning of the term "executor." This is an improper factual inquiry which the Court cannot resolve on a motion to dismiss. Instead, the Court must accept the factual allegations in the Cross Claim as true and construe them in the light most favorable to Jackson, not Kowalski. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). Thus, the Court cannot grant dismissal based on Kowalski's subjective interpretation of the term "executor." Because Kowalski's entire dismissal argument is premised upon the fact that "the documents put forward by Jackson in setting out its Crossclaim demonstrate that Lisa Kowalski did not make the false representation she is accused of making," Motion at 9, the Court cannot conclude that Jackson has failed to state a claim in the Cross Claim.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff Lisa Kowalski's Motion to Dismiss Defendant Jackson National Life Insurance Company's Crossclaim [DE 92] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 23rd day of April, 2013.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.