UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60597-CIV-COHN/SELTZER

LISA KOWALSKI, a Florida resident,

      Plaintiff/Counterdefendant,

v.

JACKSON NATIONAL LIFE INSURANCE
COMPANY, a Michigan corporation,

      Defendant/Counterplaintiff/
      Third-Party Plaintiff,

v.

BARBARA WILSON, as Personal
Representative of the ESTATE OF
FLORENCE P. KOWALSKI,

      Third-Party Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART WILSON'S MOTION FOR SUMMARY JUDGMENT; GRANTING JACKSON'S MOTION FOR SUMMARY JUDGMENT; AND DENYING KOWALSKI'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Third Party Defendant's Motion for

Summary Judgment, Statement of Material Facts, and Supporting Memorandum of Law

[DE 118] ("Wilson Motion"), Defendant Jackson National Life Insurance Company's

Motion for Summary Judgment on Plaintiff Lisa Kowalski's Second Amended Complaint

[DE 121] ("Jackson Motion,"), and Plaintiff's Motion for Partial Summary Judgment

Pursuant to Rule 56, Fed. R. Civ. P. and Local Civil Rule 56.1 [DE 124] ("Kowalski

Motion") (collectively "Motions").  The Court has carefully considered the Motions, the

responses and replies thereto, the argument of counsel at the June 28, 2013 hearing,

the record in the case, and is otherwise advised in the premises.

I. BACKGROUND

**A. Procedural History.**

Plaintiff Lisa Kowalski ("Kowalski") commenced this action on April 3, 2012, against Defendants Jackson National Life Insurance Company ("Jackson") and Barbara Wilson ("Wilson") to establish her entitlement to the proceeds of a life insurance policy. See Complaint [DE 1].  After Wilson filed a motion to dismiss alleging that this Court lacked personal jurisdiction over her and Jackson sought dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Kowalski sought leave to file an amended complaint which dropped Wilson as a party and amended the allegations in her Complaint.  See DE 21.  The Court granted the Motion and allowed Kowalski to amend the Complaint.  See DE 29.  In the Amended Complaint, Kowalski sought a declaratory judgment from this Court reflecting that she is the owner and beneficiary of the policy proceeds.  Id. at 3.

On July 27, 2012, Jackson filed an unopposed motion in which it sought leave to respond to the Amended Complaint within 10 business days of the appointment of a personal representative for the estate of Florence P. Kowalski ("the Estate").  See DE 31.  In the motion, Jackson explained that it has no interest in the policy proceeds and needed the proper adverse claimants to the proceeds before the Court in order to interplead the funds into the Court registry.  Id. ¶ 4.  The Court granted this motion. See DE 32.

Before a personal representative had been appointed for the Estate and Jackson filed its answer, Kowalski moved (1) to compel Jackson to deposit the proceeds of the

2

policy into the Court registry and (2) for partial summary judgment.  See DE 34, 35.  On October 31, 2012, the Court denied both motions as premature because the Court could not issue a declaratory ruling as to the beneficiary of the policy proceeds until all parties asserting an interest in the policy were before the Court.  See DE 46.

On November 12, 2012, Jackson filed its answer and third party complaint against Wilson, who the probate court had appointed as the personal representative of the Estate.  See DE 47. On January 22, 2013, Wilson filed an answer to Jackson's third party complaint which asserts a counterclaim against Jackson for a declaratory judgment (Count 1) and breach of contract (Count IV) and cross claims against Kowalski for a declaratory judgment (Count 1), unjust enrichment (Count II), and conversion (Count III).  See DE 75.  On February 22, 2013, Jackson filed its answer to Wilson's counterclaim.  See DE 90.  This answer asserts a cross claim against Kowalski for fraudulent misrepresentation (Count I), negligent misrepresentation (Count II), indemnity (Count III), and unjust enrichment (Count IV).  Cross Claim [DE 90] at 17-20.  On April 23, 2013, the Court entered an order denying Plaintiff's motion to dismiss Jackson's cross claim.  See DE 108.

Jackson filed a motion to deposit the proceeds of the life insurance policy in the Court registry on November 27, 2012.  See DE 50.  The Court granted in part the motion, allowing Jackson to deposit the proceeds into the registry, but declining to dismiss Jackson based on Wilson's pending counterclaim.  See DE 79.  While the motion to deposit the life insurance proceeds was pending, Kowalski filed a motion for leave to file a second amended complaint.  See DE 72.  Although both Jackson and Wilson argued that further amendment of the complaint was futile, the Court granted

3

the motion finding that the futility arguments would best be addressed by way of a motion to dismiss or motion for summary judgment.  <u>See</u> DE 94.

Kowalski filed her Second Amended Complaint on March 12, 2013.  2d Am. Compl. [DE 95].  The Second Amended Complaint brought a claim against Wilson for unjust enrichment and constructive trust and a claim against Jackson for breach of contract.  On May 6, 2013, the Court granted Wilson's motion to dismiss the claim against her.  <u>See</u> DE 109.  The Court denied Kowalski's motion for reconsideration of this Order.  <u>See</u> DE 113.  Jackson has now moved for summary judgment on Kowalski's breach of contract claim, Wilson has moved for summary judgment on the counterclaim and third party complaint filed by Jackson and on Count I of her counterclaim and cross claim, and Kowalski has moved for partial summary judgment against both Jackson and Wilson.

## B. Undisputed Material Facts.

On or about March 18, 1992, Jackson issued a life insurance policy upon the life of Florence P. Kowalski (the "Insured") in the amount of $175,500.  Jackson's Statement of Material Facts [DE 121 at 6-13] ("Jackson Facts") ¶ 1; Kowalski's Response to Jackson's Statement of Undisputed Material Facts [DE 135] ("Jackson Response Facts") ¶ 1.  Edward Kowalski, Kowalski's husband, and the son of Florence P. Kowalslski, was the owner and beneficiary of the policy.  Jackson Facts ¶ 2; Jackson Response Facts ¶ 2.  Edward Kowalski died on April 30, 2008.  Jackson Facts ¶ 5; Jackson Response Facts ¶ 5.   To change the ownership of the policy, the policy provides that:

The ownership of this Policy may be changed at any time during the Insured's

4

lifetime.  Such change must be made by written notice acceptable to the
Company.  A change will take effect on the date the notice is signed.  However,
the change will not apply to any payments made or actions taken by the
Company before the notice is received at the Home Office.  The Company
reserves the right to require that this Policy be presented for endorsement of any
change.

Jackson Facts ¶ 7 (quoting Policy [DE 95-2] at 2); Jackson Response Facts ¶ 7.  To

change the policy beneficiary, the policy states that:

While this policy is in force, the Owner may change the Beneficiary, unless
otherwise provided by endorsement, by filing at the Home Office of the Company
an acceptable written request.  Such change will be subject to any existing
assignment of this Policy and will take effect on the date the notice was signed.
Any proceeds paid before a change of beneficiary is recorded will not be subject
to change.

Jackson Facts ¶ 8 (quoting Policy [DE 95-2] at 1); Jackson Response Facts ¶ 8.

Kowalski submitted Life Service Request forms and supporting documentation

to Jackson on August 12, 2008, September 29, 2008, and October 29, 2008.  Jackson

Facts ¶¶ 9, 13, 18. Jackson Response Facts ¶¶ 9, 13, 18.  Jackson processed

Kowalski's request for a change of ownership and sent her a letter dated November 7,

2008 memorializing this change.  Jackson Facts ¶ 22; Jackson Response Facts ¶ 22.

In none of these forms, however, did Kowalski fill in the section requesting a change of

beneficiary.  Jackson Facts ¶¶ 12, 15, 21, 24; Jackson Response Facts ¶¶ 12, 15.  Nor

did Kowalski submit any other written requests to Jackson requesting a change of

beneficiary.  Jackson Facts ¶ 24.  On or about October 14, 2010, Kowalski obtained a

$50,000 loan against the policy.  Jackson Facts ¶ 26; Jackson Response Facts ¶ 26.

This loan was never paid back.  Jackson Facts ¶ 27; Jackson Response Facts ¶ 27.

On February 4, 2011, the Insured died.  Jackson Facts ¶ 28; Jackson Response

Facts ¶ 28.  Under the terms of the policy, where the beneficiary predeceases the

Insured "any proceeds will be payable to the estate or legal successors of the Insured."

Jackson Facts ¶ 30 (citing Policy [DE 95-2] at 1); Jackson Response Facts ¶ 30.

Following the Insured's death, Wilson's husband contacted Jackson to notify them of

her death and request that all forms be mailed to Wilson.  Jackson Facts ¶ 31; Jackson

Response Facts ¶ 31.  Both Kowalski and Wilson contacted Jackson and requested

that the policy proceeds be paid to them.  Jackson Facts ¶¶ 35, 37, 40; Jackson

Response Facts ¶¶ 35, 37, 40.  Jackson repeatedly notified Kowalski regarding the

documentation it would require to process her claim.  Jackson Facts ¶¶ 33, 38, 41;

Jackson Response Facts ¶¶ 33, 38, 41.  On November 1, 2011, in response to an

October 3, 2011 letter from Kowalski, Jackson responded that it had an insufficient

basis to pay Kowalski the death benefit.  Jackson Facts ¶¶ 43-44; Jackson Response

Facts ¶ 43.

II. DISCUSSION

**A. Legal Standard.**

The Court may grant summary judgment "if the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue as to

any material fact and that the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district

court of the basis for its motion, and identifying those portions of [the record] which it

believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must

demonstrate a lack of evidence supporting the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production

6

shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

As long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

### B. Kowalski's Breach of Contract Claim Against Jackson.

Jackson moves for summary judgment on Kowalski's breach of contract claim against it.  Jackson Motion at 1.  According to Jackson, it is entitled to summary judgment on this claim because (1) Kowalski lacks standing; (2) a claim or counterclaim for the interplead proceeds cannot be maintained as a matter of law; and (3) Kowalski cannot allege or prove that any provision of the contract was breached.  Id. at 3.  Kowalski has cross-moved for partial summary judgment on this issue, arguing that she is entitled to summary judgment on her breach of contract claim because Jackson is judicially estopped from denying that she is the beneficiary of the policy, Jackson

breached its duty to administer the change of beneficiary with due care, and she should be considered the beneficiary under the policy notwithstanding Florida's strict compliance rule for changing the beneficiary of insurance policies. Kowalski Motion at 25-35.[1] For the reasons discussed below, the Court finds that Jackson is entitled to summary judgment on Kowalski's breach of contract claim.

   1. Whether the Breach of Contract Claim is Barred by Jackson's Interpleader Action.

      Jackson argues that Kowalski's breach of contract claim is barred by the interpleader action it initiated. Jackson Motion at 15. In response, Kowalski argues that the interpleader action does not bar her breach of contract claim because, in granting Jackson's motion to interplead the policy proceeds, the Court did not limit Jackson's liability. Plaintiff's Response in Opposition to Jackson's Motion for Summary Judgment [DE 134] ("Kowalski's Jackson Response") at 10. Additionally, Kowalski contends that she has a valid breach of contract claim against Jackson independent from her entitlement to the interpleaded funds. Id. at 11-12.

      While Kowalski is correct that the Court declined to dismiss Jackson from this action in the January 28, 2013 order which permitted Jackson to deposit the life insurance proceeds in the Court's registry, the basis for this holding was Wilson's pending counterclaim, not any potential claim Kowalski could assert against Jackson. See DE 79 at 4 n.1. Moreover, in the March 8, 2013 order granting Kowalski's motion for leave to file a second amended complaint, the Court declined to address whether such amendment would be futile, stating instead that "[t]he Court believes that Jackson

---

     [1]    The pagination for briefing filed by Kowalski corresponds to the pagination of CM/ECF rather than the pagination of the documents themselves.

and Wilson's arguments regarding the futility of the Second Amended Complaint would best be addressed on motions to dismiss and/or motions for summary judgment."  DE 94 at 5.  Thus, the Court has yet to address whether Kowalski can maintain a breach of contract claim against Jackson.

Where a plaintiff's bad faith and breach of contract claims arise out of an insurer's refusal to pay proceeds, courts have held that such claims are not truly independent of an interpleader action and should be dismissed.  See Graziosi v. MetLife Investors USA Ins. Co., No. 3:11-CV-80 (CAR), 2013 WL 592394, at *5 (M.D. Ga. Feb. 14, 2013) (granting summary judgment to defendant insurer where plaintiff's breach of contract and bad faith claims arose out of defendant's failure to pay policy proceeds); Sec. Life of Denver Ins. Co. v. Shah, No. CV411-008, 2012 WL 3777135, at *5 (S.D. Ga. Aug. 29, 2012) (holding claims for breach of contract and bad faith were not "truly independent" of interpleader and stakeholder should therefore be dismissed); see also Prudential Ins. Co. of Am. v. Hovis, 553 F.3d 258, 264-65 (3d Cir. 2009) (concluding claimant's claim was not independent of interpleader and opining that had the insurer "immediately paid [claimant] the proceeds of [the life insurance policy, the claimant] would not have brought an action against [the insurer] based on any of the causes of action").  However, interpleader protects "only from the prospect of multiple litigation and d[oes] not automatically immunize [a stakeholder] from liability."  Graziosi, 2013 WL 592394, at *4.  Thus, a stakeholder may be liable "for diminishing the value of the interpleaded stake simply because of the presence of an unrelated dispute as to who is its rightful owner" or "liable for its investigation of ownership of the stake, at least where defects in its investigation can plausibly be blamed for the existence of the

9

underlying ownership controversy." <u>Hovis</u>, 553 F.3d at 265-66.

Here, Kowalski's breach of contract claim stems from both Jackson's failure to pay her the death benefit *and* to administer the change of beneficiary provision of the contract with due care.  2d Am. Compl. ¶ 25.  Thus, arguably, Kowalski's breach of contract claim is independent of the interpleader.  Accordingly, the Court rejects Jackson's argument that its Counterclaim/Third Party Complaint [DE 47]  is grounds to grant it summary judgment on Kowalski's breach of contract claim.

<u>2. Whether Jackson Breached Any Provision of the Policy.</u>

Jackson is entitled to summary judgment on other grounds, however.  Jackson also argues that it is entitled to summary judgment because Kowalski cannot prove that it "materially breached any provision of the policy."  Jackson Motion at 16.   According to Jackson, Kowalski has failed to establish that she strictly complied with the policy's requirements to change the beneficiary.  <u>Id.</u> at 17-18.   In opposition, Kowalski argues that under Florida's strict compliance rule, she should have been made beneficiary of the policy in 2008.  Kowalski's Jackson Response at 13.  Kowalski also relies on the transcripts of conversations she had with Jackson customer service representatives to establish that she complied with Jackson's directions regarding how she could become both the owner and beneficiary of the policy.  <u>Id.</u> at 13-14.

To state a claim for breach of contract, a plaintiff must demonstrate a valid contract, a material breach, and damages.  <u>Schiffman v. Schiffman</u>, 47 So. 3d 925, 927 (Fla. Dist. Ct. App. 2010).  "In Florida, 'the right of the an insured to change the beneficiary of a life insurance policy depends on the terms of the contract between the insurer as expressed in the life insurance policy.'"  <u>U.S. Life Ins. Co. v. Logus Mfg.</u>

10

Corp., 845 F. Supp. 2d 1303, 1312 (S.D. Fla. 2012) (quoting Shuster v. N.Y. Life Ins.,

351 So. 2d 62, 64 (Fla. Dist. Ct. App. 1977)).[2]   Under Florida law, "a beneficiary under a

life insurance policy may be changed only by strict compliance with the conditions set

forth in the policy." Brown v. Di Petta, 448 So. 2d 561, 562 (Fla. Dist. Ct. App. 1984)

(citing cases).  Only an insurance company may waive the strict compliance

requirement. Logus Mfg. Corp., 845 F. Supp. 2d at 1314 (citing Miller v. Gulf Life Ins.,

12 So. 2d 127 (Fla. 1942)).  Moreover, a "decedent's mere intent to change the

beneficiary of the policy [i]s legally insufficient absent an effective designation of

beneficiary on the form required by the insurer." Brown, 448 So. 2d at 562.

   Here, the undisputed record demonstrates that Kowalski did not substantially

comply with the policy's requirements for changing the beneficiary.  Kowalski never

completed the beneficiary change section of the Life Service Request forms she

submitted to Jackson on August 12, 2008, September 29, 2008, and October 29, 2008.

See Jackson Facts ¶¶ 12, 15, 21, 24; Jackson Response Facts ¶¶ 12, 15.  Indeed,

Jackson never confirmed that Kowalski was the policy beneficiary.  Instead, the

November 7, 2008 letter Kowalski received from Jackson indicated only that she had

been made owner of the policy.  See Jackson Facts ¶ 22; Jackson Response Facts ¶

22; November 7, 2008 letter [DE 122-11].  The record is devoid of any evidence that

Kowalski submitted any *written r*equest to Jackson that she be made the beneficiary, as

---

[2]   Florida law governs this claim because the life insurance policy was
issued within Florida.  See DE 95-3 at 3-5; LaTorre v. Conn. Mut. Life Ins. Co., 38 F.3d
538, 540 (11th Cir. 1994) ("Florida adheres to the traditional rule that the legal effects of
terms of the insurance policy and rights and obligations of persons insured thereunder
are to be determined by the law of the state where the policy was issued.").

explicitly required under the policy.  Jackson Facts ¶ 24; Policy [DE 95-2] at 1.[3]  Thus, Jackson never breached any agreement with Kowalski.

Kowalski's conversations with Jackson customer service representatives do not save her claim.  See Kowalski's Jackson Response at 13-14.  In <u>McDaniel v. Liberty National Life Insurance Co.</u>, 722 So. 2d 865 (Fla. Dist. Ct. App. 1998), the Fifth District Court of Appeal held that despite an insurance agent's "uncontroverted testimony regarding his conversation with the insured" that she wanted to change the beneficiary of her life insurance policy, her late husband remained the beneficiary because she "failed to strictly comply with the terms of her policy which required her to file a written request to change her beneficiary."  722 So. 2d at 866.  Instead, because the insured left the line entitled "beneficiary designation" blank, the proceeds of the policy should have been paid to the insured's estate because the named beneficiary predeceased the insured.  <u>Id.</u>  Similarly, here Kowalski failed to submit any written request to change the beneficiary of the policy.  Thus, any oral conversations between Kowalski and Jackson customer service representations are irrelevant and do not establish any breach of contract on Jackson's part.[4]

────────────────

[3]     Kowalski concedes in her response that she failed to "take the steps she easily could have taken to be recorded as the beneficiary once she was the owner." Kowalski's Jackson Response at 13.  Additionally, Kowalski's submission of Article VI of Edward Kowalski's will which reflected that he believed that Kowalski was already the beneficiary of a policy he owned on the life of his mother was insufficient to change the beneficiary under the express terms of the policy.  <u>See</u> Kowalski's Jackson Response at 17-18.

[4]     The instant case presents an even more text book example of lack of substantial compliance than <u>McDaniel</u>.  In <u>McDaniel</u>, the testimony of the insurance agent that the insured wanted to change the beneficiary designation and that he had neglected to do so was "uncontroverted."  <u>See</u> 722 So. 2d at 866.  By contrast, here,

Kowalski's reliance upon Smith v. Wilson, 440 So. 2d 442 (Fla. Dist. Ct. App. 1983), for the proposition that she strictly complied with the requirements to become the policy's beneficiary by following Jackson customer service representative Ron's instructions is also misplaced.  See Kowalski's Jackson Response at 22-23.  In Smith, the First District Court of Appeal declined to apply the doctrine of strict compliance not only because the insured believed he had done everything to change the beneficiary, but also because any fault in failing to file the change in beneficiary designation rested with his employer, acting as agent for the insurance company.  440 So. 2d at 444.  By contrast here, it is undisputed that Kowalski never filled out a written request to change the beneficiary.  Moreover, as noted by Judge Zloch in Logus Manufacturing Corp., "[t]he continuing viability of Smith is doubtful because no other Florida court has followed its use of the substantial compliance standard."  845 F. Supp. 2d at 1317.  Thus, the Court disagrees that this case supports that Kowalski is the policy beneficiary.

Additionally, O'Brien v. McMahon, 44 So. 3d 1273 (Fla. Dist. Ct. App. 2010,) does not support Kowalski's contention that she strictly complied with the policy's

---

the statements between Kowalski and Jackson customer service representatives that Kowalski points to are ambiguous at best.  For example, Ron's statement that "filling out the owner part saying- 'cause you want to be the new owner, and you will be the new beneficiary," Transcript of September 8, 2008 Call [DE 126-11] at 11:6-7, does not unequivocally establish that Kowalski was told that if she became the new policy owner, she would automatically become beneficiary.  This statement could just as easily have meant that after Kowalski became policy owner, she would have the ability to designate herself beneficiary; in other words, eventually she would be beneficiary.  Moreover, as pointed out in Jackson's reply, this customer service representative had no authority to change the policy's requirement that a beneficiary change be submitted in writing.  See Reply in Support of Defendant Jackson National Life Insurance Company's Motion for Summary Judgment [DE 147] ("Jackson Reply") at 4-5.

requirements to become beneficiary.  See Kowalski's Jackson Response at 22.  In

O'Brien, the court held that "[t]he phrase 'in a form that meets our needs' plainly

requires that a beneficiary request contain enough information to allow [the insurer]

Prudential to act on the request" to change the policy beneficiary.  44 So. 3d at 1279.

The facts of O'Brien, are inapposite, however, and do not support Kowalski's

argument that she substantially complied with the policy's change of beneficiary

provision.  In O'Brien, the policy owner executed a written request for his newly-

adopted daughter to become a policy beneficiary.  44 So. 3d at 1276.  Here, it is

undisputed that Kowalski never submitted any written request to become the policy

beneficiary.  Indeed, as the O'Brien court observed, "[a] beneficiary request will not be

in a form that meets [the insurer] Prudential's needs if it is not intelligible or if the new

beneficiary cannot be ascertained."  44 So. 3d at 1279.  Thus, because Jackson was

never provided any information in writing under which it could have processed a

beneficiary change request, this case does not support Kowalski's position.

### 3. Whether Jackson is Collaterally Estopped from Denying Kowalski is the Policy's Beneficiary.

Kowalski's argument that Jackson should be collaterally estopped from denying

that she is the policy beneficiary also fails.  See Kowalski's Jackson Response at 18-

21.  As Jackson points out in its reply, Kowalski never pleaded a claim for promissory

estoppel in her Second Amended Complaint.  Jackson Reply at 3.  In her reply to her

own motion for partial summary judgment, Kowalski argues that the facts underlying

her estoppel claim appear in the Second Amended Complaint.  Plaintiff's Reply to

Jackson's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment

[DE 143] ("Kowalski Reply") at 6.  "Although notice pleading does not require a plaintiff to specifically plead every element of his cause of action, a complaint must still contain enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory.'"  Am. Fed'n of Labor & Congress of Indus. Orgs. v. City of Miami, 637 F.3d 1178, 1186 (11th Cir. 2011) (citing Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001)).  To state a claim for promissory estoppel under Florida law, a plaintiff must allege: (1) a promise, (2) that should reasonably be expected to induce action or forbearance, (3) which does induce such action or forbearance, and (4) injustice can be avoided only by enforcement of the promise.  W.R. Grace & Co. v. Geodata Servs., Inc., 547 So. 2d 919, 924 (Fla. 1989) (quoting Restatement (Second) of Contracts § 90 (1979)). The Court disagrees with Kowalski that the factual allegations of her Second Amended Complaint provided Jackson with fair notice that she was bringing a promissory estoppel claim.  See Kowalski Reply at 6 n.18.

Even if Kowalski had adequately plead a claim for promissory estoppel–which she has not–summary judgment would still be appropriate for Jackson on this claim. Under Florida law, "[p]romissory estoppel . . . is an equitable doctrine for the enforcement of agreements, not a device to nullify an expressly-agreed, written contractual term."  Coral Reef Drive Land Dev., LLC v. Duke Realty Ltd. P'ship, 45 So.3d 897, 902 (Fla. Dist. Ct. App. 2010) (citing Advanced Mktg. Sys. Corp. v. ZK Yacht Sales, 830 So. 2d 924, 928 (Fla. Dist. Ct. App. 2002); Univ. of Miami v. Intuitive Surgical, Inc., 166 F. A'ppx 450, 454 (11th Cir. 2006) ("Promissory estoppel is not available as a remedy when parties have a written contract addressing the relevant

15

issue[.]")).  Here, the policy itself provides an explicit procedure for how to change the beneficiary of the policy.  Accordingly, Kowalski cannot state a claim for promissory estoppel against Jackson based upon her reliance on statements from Jackson customer service representatives that allegedly contradicted the policy itself.[5]

Judge Zloch rejected a similar argument in <u>Logus Manufacturing Corp.</u>  In that case, one of the interpleader claimants asserted that the insurance company was estopped from denying that the Insured's beneficiary change request did not strictly comply with the policy because it failed to notify the insured that his request was deficient.  845 F. Supp. 2d at 1317.  The Court held that there is no "authority establishing that a life insurance company has a duty to notify an insured or a substitute beneficiary that its change of beneficiary request is unacceptable."  <u>Id.</u> at 1318.  The Court also observed that any reliance on the part of the claimant was unreasonable "because it could have simply contacted [the insurer] American General to confirm that the change of beneficiary had been made" which it had failed to do in the nine years after the beneficiary change was requested.  <u>Id.</u> at 1319.  The Court also rejected the claimant's argument that the act of recording the beneficiary change was a ministerial act.  <u>Id.</u>

Similarly here, once Kowalski received the November 7, 2008 letter which

---

[5]    Kowalski's reliance upon <u>Bummer v. New York Life Insurance & Annuity Corp.</u>, No. 6:11-cv-1851-Orl-28KRS, 2012 WL 3893541 (M.D. Fla. Sept. 7, 2012), for the proposition that she can establish a promissory estoppel claim despite the existence of the policy is misplaced.  <u>Bummer</u> held merely that the arguments regarding the feasibility of the plaintiff's promissory estoppel claim required "factual development and are premature at this stage of the litigation."  <u>Id.</u> at *2.  Thus, this case does not persuade the Court that Kowalski is entitled to summary judgment on a promissory estoppel theory.

confirmed that she had been made policy owner, it was unreasonable for Kowalski to assume that she was also the beneficiary.  This is especially true given that Jackson customer service representatives told Kowalski on at least two prior occasions that they were unable to reveal to her the identity of the policy's beneficiary because she was not the policy owner.  See Reply to Plaintiff's Statement of Additional Material Facts [DE 146] ¶ 50 (citing Transcript of June 10, 2008 Call [DE 126-9] at 4:4-5); Transcript of September 25, 2008 Call [DE 126-12] at 6:5-7:8).[6]  Given that Kowalski never completed the beneficiary section of any of the Life Service Request forms she submitted to Jackson or submitted any other written request for a change of beneficiary, there was never any ministerial act for Jackson to complete.  Accordingly, any claim Kowalski could assert for promissory estoppel would fail for lack of reasonable reliance.[7]

4. Whether Jackson Breached Any Duty to Administer the Change of Beneficiary With Due Care and in Accordance with the Doctrine of Good Faith and Fair Dealing.

        Finally, Kowalski's argument that Jackson breached its duty to administer a

---

        [6]        Additionally, as Jackson points out in its reply, the September 25, 2008 conversation occurred *after* Kowalski's September 8, 2008 call with Ron during which she contends he promised her that she would become policy beneficiary.  See Jackson Reply at 5; Transcript of September 8, 2008 Call [DE 126-11].  Thus, Kowalski's reliance on her conversation with Ron was unreasonable.  See Logus Mfg. Corp., 845 F. Supp. 2d at 1319 (holding that "reliance is not reasonable if the person induced to act had access to the truth.").  Kowalski undisputedly had access to the truth based upon the September 25, 2008 conversation and the November 7, 2008 letter.

        [7]        The Court also notes that Kowalski has failed to establish a promise on the part of Jackson.  As Jackson points out in its reply, "'Ron' never promised Plaintiff that he would change the beneficiary designation as she claims."  Jackson Reply at 4.  And even if he did make a promise to Kowalski, Ron did not have authority to modify the terms of the written agreement.  Id. at 4-5.

change of beneficiary under the policy with due care in accordance with the covenant of good faith and fair dealing also fails.  See Kowalski's Jackson Response at 15. Kowalski argues that Jackson breached its duties of due care and good faith and fair dealing when it (1) gave Kowalski written and oral directions to send it a copy of her husband's will and (2) when Jackson failed to inform Kowalski that she was not the beneficiary of the policy.  Id. at 17.  In opposition, Jackson contends that there is no case law to support Kowalski's argument that it had a heightened duty of due care. Jackson Reply at 7.  Additionally, Jackson points out that at the time Kowalski spoke with Jackson customer service representatives over the phone, she was not even the owner of the policy and thus, Jackson owed her no duty.  Id.

"Under Florida law, there is no independent cause of action for breach of an implied covenant of good faith and fair dealing."  Trief v. Am. Gen. Life Ins. Co., 444 F. Supp. 2d 1268, 1270 (S.D. Fla. 2006) (citing Burger King Corp. v. Weaver, 169 F.3d 1310, 1318 (11th Cir. 1999)).  "Rather, a party must allege that an express contractual provision has been breached."  Id.  Here, the policy contains an express provision regarding change of beneficiary.  The undisputed record before the Court demonstrates that Kowalski failed to submit *any* written requests to Jackson which requested a change of beneficiary.  Because a written request was required to change the beneficiary under the policy, Kowalski has failed to identify any policy provision that Jackson breached.  Accordingly, Jackson is entitled to summary judgment on Kowalski's claim for breach of the covenant of good faith and fair dealing.

18

### C. Entitlement to the Policy Proceeds.

### 1. Kowalski's Motion for Partial Summary Judgment as to Wilson.

Kowalski contends that she is entitled to partial summary judgment against Wilson and that the Court should award her the policy proceeds.  Kowalski Motion at 13.  As Wilson points out in her opposition, however, Kowalski does not currently have any claims pending against Wilson upon which she could obtain summary judgment.  Third Party Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment [DE 133] at 7.  Wilson also argues that Kowalski's purported promissory estoppel claim fails, id. at 8-10, and that Kowalski cannot be considered as beneficiary of the policy as a matter of law.  Id. at 10-14.  In her reply, Kowalski asserts that her motion for partial summary judgment as to Wilson is premised upon her answer to Wilson's cross claim which denies Wilson's entitlement to a declaration that the Estate is entitled to the policy proceeds.  Plaintiff's Reply to Estate's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment [DE 141] at 4.  The Court does not believe that Kowalski's motion is at all clear that it is moving for summary judgment based on a defense to Wilson's cross claim.  Nonetheless, as discussed in Section B, above, Kowalski's substantive arguments regarding promissory estoppel and that she substantially complied with the policy's requirements to be named beneficiary fail.  Accordingly, Kowalski's motion for partial summary judgment as to Wilson must be denied.

### 2. Wilson's Motion for Summary Judgment as to its First Defense to Jackson's Counterclaim and Count 1 of Her Counterclaim.

Wilson moves for summary judgment on its first defense to Jackson's

Counterclaim [DE 47] and Count 1 of her counterclaim [DE 75].  Wilson Motion at 2.
In the first defense to Jackson's Counterclaim, Wilson asserts that, under the express
terms of policy, the Estate is entitled to the policy proceeds.  See DE 75 at 6.  In
Count 1 of her Counterclaim, Wilson, in part, seeks a declaration from the Court that
the Estate is entitled to the policy proceeds under the express terms of the policy.
See DE 75 at 16-18.  In opposition, Kowalski contends that the Estate is not entitled
to the policy proceeds because (1) Jackson is estopped from denying that Kowalski
strictly complied with the policy's change of beneficiary provision and (2) Kowalski
strictly complied with the change of beneficiary provision under Florida case law.
Plaintiff's Response in Opposition to the Estate's Motion for Summary Judgment [DE
136] ("Kowalski's Wilson Response") at 13.

The Court has already rejected Kowalski's arguments that she is entitled to the
policy proceeds because Jackson is estopped from arguing that she is the beneficiary
and she substantially complied with the policy's requirements to change the
beneficiary.  See Section B, supra.  As discussed extensively above, the policy
beneficiary was never changed in accordance with the policy's express provision
governing change of beneficiary.  Accordingly, when the Insured died on February 4,
2011, the policy beneficiary remained Edward Kowalski.  See Third Party Defendant's
Statement of Undisputed Material Facts [DE 118 at 3-10] ¶¶ 40, 44; Kowalski's
Response to Estate's Statement of Undisputed Material Facts [DE 137] ¶¶ 40, 44.
Under the express terms of the policy, because the named beneficiary, Edward
Kowalski, predeceased the Insured, the Insured's estate is entitled to the policy
proceeds.  Policy [DE 95-2] at 1.  Accordingly, the Court will grant Wilson's Motion to

the extent it seeks a declaration that the Estate is entitled to the policy proceeds and will enter an order directing the Clerk to disburse the policy proceeds to the Estate once final judgment has been entered.

**D. Wilson's Motion for Summary Judgment as to Count 1 of Her Counterclaim.**

Wilson also moves for summary judgment on Count 1 of her Counterclaim [DE 75] to the extent this claim seeks a declaration that Jackson improperly designated Kowalski as the owner of the policy and that Kowalski is required to repay a $50,000 loan she took against the policy proceeds. Wilson Motion at 2. Wilson argues that Jackson's designation of Kowalski as the policy owner was improper because Edward Kowalski's will was never submitted to probate and Kowalski was never appointed by the probate court as the personal representative of his estate. Wilson Motion at 2. Thus, according to Wilson, because Edward Kowalski's will had no legal effect, the November 7, 2008 letter designating Kowalski the policy's owner was not effective. Id. at 15. To support this position, Wilson relies upon Florida case law and Fla. Stat. § 733.103 which provides that "[u]ntil admitted to probate in this state or in a state where the decedent was domiciled, the will shall be ineffective to prove title to, or the right to possession of, property of the testator." Fla. Stat. § 733.103. In her response, Kowalski argues that she was properly recognized as the policy's owner under the policy's terms, which provides that ownership may be changed by Jackson upon receipt of written notice acceptable to it. Kowalski's Wilson Response at 6. Alternatively, if there was some defect in the change of ownership back in 2008, Kowalski contends that Wilson lacks standing to challenge it now. Id. at 12.

Wilson's argument that Kowalski was improperly designated as policy owner

21

relies solely upon a Florida statute and case law interpreting the effect of wills. See Wilson Motion at 14-15. It is the policy, however, which governs the change of ownership in this case. The policy provides: "[t]he ownership of this policy may be changed at any time during the Insured's lifetime. Such change must be made by written notice acceptable to the Company." Policy [DE 95-2] at 2. On November 7, 2008, Jackson sent Kowalski a letter stating that her request for a change of ownership had been processed. Jackson Facts ¶ 22; Jackson Response Facts ¶ 22. The November 7, 2008 letter was in response to its receipt of Kowalski's October 29, 2008 Life Service Request Form which was accompanied by a copy of Edward Kowalski's death certificate, a portion of Edward Kowalski's will stating that Kowalski was appointed as his personal representative, and an October 9, 2008 letter from Jackson to Kowalski. Jackson Facts ¶ 18; Jackson Response Facts ¶ 18. The October 9, 2008 letter requested a "[c]opy of last will or testament or probate papers naming the executor for" Edward Kowalski's estate, any codicils to his will, and a "Service Request form by the executor of the estate and notarized." Jackson Facts ¶ 17; Jackson Response Facts ¶ 17 (emphasis added). Kowalski has also pointed to testimony from Jan Reeves, a director in Jackson's policy-service owner department, that Jackson accepts designation of executors in wills as sufficient documentation for processing a change of ownership. Reeves Deposition [DE 126-20] at 24:25-25:1-8. Additionally, Kowalski identifies documentary evidence that a non-probated will would be sufficient for Jackson to effectuate a change of policy ownership. Kowalski's Wilson Response at 9 (identifying documents). The record currently before the Court simply does not establish that "written notice acceptable to the Company" required

that Edward Kowalski's will be submitted to probate or that Kowalski be appointed his

estate's executor through the probate court.  Accordingly, the Court will deny Wilson's

Motion to the extent it seeks a declaration that Kowalski is not the policy's owner and

that she is required to pay back the $50,000 loan taken against the policy.

## III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.    Third Party Defendant's Motion for Summary Judgment, Statement of Material

       Facts, and Supporting Memorandum of Law [DE 118] is **GRANTED IN PART**

       **AND DENIED IN PART**;

       a.    The Motion is **GRANTED** to the extent that it seeks a declaration that

              the Estate is entitled to the policy proceeds; and

       b.    The Motion is **DENIED** to the extent that it seeks a declaration that

              Kowalski is not the owner of the policy and that she is required to repay

              a $50,000 loan taken against the policy.

2.    Defendant Jackson National Life Insurance Company's Motion for Summary

       Judgment on Plaintiff Lisa Kowalski's Second Amended Complaint [DE 121] is

       **GRANTED**;

3.    Plaintiff's Motion for Partial Summary Judgment Pursuant to Rule 56, Fed. R.

       Civ. P. and Local Civil Rule 56.1 [DE 124] is **DENIED**;

4.    Because the Court has determined that the Estate is entitled to the policy

       proceeds and Kowalski now has no adequate remedy at law, the Court has

       reconsidered its prior position and will grant leave for Kowalski to reassert her

       claim for unjust enrichment and constructive trust.  Such claim must be filed no

later than July 8, 2013; and

5.     Because the parties' Motions and this Court's ruling do not resolve all

remaining claims in this action, the Court will defer entry of judgment and an

order disbursing the funds currently held in the Court's registry until

adjudication of the remaining claims is complete.[8]

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 1st day of July, 2013.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.

---

[8]     In addition to the portion of Count 1 of Wilson's counterclaim which seeks
a declaration that Kowalski is not the policy's owner, for which the Court has denied
Wilson's motion for summary judgment, the Court believes Counts 2-4 of Wilson's
Counterclaim [DE 75] and Counts 1-4 of Jackson's Cross Claim [DE 90] also remain.