UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LISA KOWALSKI,  )
 )  Case No: 12-CV-60597-
       Plaintiff/Counterdefendant,  )  COHN/SELTZER
 )
v.  )
 )
JACKSON NATIONAL LIFE INSURANCE  )
CO.,  )
 )
       Defendant/Counterplaintiff/  )
       Third-Party Plaintiff,  )
 )
v.  )
 )
BARBARA WILSON AS PERSONAL  )
REPRESENTATIVE OF THE ESTATE OF  )
FLORENCE P. KOWALSKI,  )
 )
       Third-Party Defendant.  )
_____  /

**THIRD PARTY DEFENDANT'S EMERGENCY
MOTION FOR RECONSIDERATION OF ORDER DIRECTING CLERK TO
RELEASE FUNDS HELD IN REGISTRY OF COURT AND CLOSING CASE AND
TO MAINTAIN FUNDS IN COURT REGISTRY PURSUANT TO LOCAL RULE 62.1**

COMES NOW, Third-Party Defendant, BARBARA WILSON AS PERSONAL REPRESENTATIVE OF THE ESTATE OF FLORENCE P. KOWALSKI (the "Estate"), pursuant to Local Rule 62.1 and hereby moves this Court to Reconsider its Order Directing the Clerk to Release Funds Held in Registry of Court and Closing Case, and respectfully requests that the Court maintain the $205,020.01 in the Court Registry until December 9, 2014 or pending further stay pursuant to Rule 62, Federal Rules of Civil Procedure and Local Rule 62.1:

    1.    On November 7, 2013 the Court entered a Final Judgment [DE 209], in relevant part, that "Lisa Kowalski is entitled to the $205,020.01 in insurance proceeds interpled into the

Court registry by order dated January 28, 2013 [DE 79]" and that "the Court will enter a separate order directing the Clerk to disburse the funds in the Court registry…"

2. On November 8, 2013, Third Party Defendant filed a Motion to Maintain Funds in Court Registry Pursuant to Rule 62(a) Federal Rules of Civil Procedure [DE 210]. In that motion, Third Party Defendant requested that the Court defer entry of the separate order directing the Clerk to disburse the funds in the Court registry for *at least* fourteen (14) days pursuant to Fed. R. Civ. P. 62 and Local Rule 62.1.

3. On November 21, 2013, Third Party Defendant filed a Notice of Appeal {DE 213]. Under Local Rule 62.1, the filing of the Notice of Appeal had the effect of extending the stay regarding the disbursement of funds until thirty (30) days after the entry of the judgment.

4. Local Rule 62.1 provides, in relevant part, as follows:

**(b)** **Extension of Automatic Stay When Notice of Appeal Filed.** If within the fourteen (14) day period established by Federal Rule of Civil Procedure 62(a), a party files any of the motions contemplated in Federal Rule of Civil Procedure 62(b), or a notice of appeal, then unless otherwise ordered by the Court, **a further stay shall exist for a period not to exceed thirty (30) days from the entry of the judgment or order**. The purpose of this additional stay is to permit the filing of a supersedeas bond, which shall be filed by the end of the thirty (30) day period provided herein.

(Emphasis added).

5. Under Local Rule 62.1, because Third Party Defendant filed a Notice of Appeal within the fourteen (14) day period established by Federal Rule of Civil Procedure 62(a), the automatic stay of execution or enforcement of this Court's Judgment is extended for thirty (3) days from the entry of the final judgment, until December 9, 2013.

6. Despite the clear language of Local Rule 62.1, the Court entered an Order Directing Clerk to Release Funds Held in Registry of Court and Closing Case [DE 214] earlier today.

7. The release of the funds at this time is not proper under Local Rule 62.1.

WHEREFORE, Third Party Defendant BARBARA WILSON AS PERSONAL REPRESENTATIVE OF THE ESTATE OF FLORENCE KOWALSKI respectfully requests that this Court grant this Reconsider its Order Directing the Clerk to Release Funds Held in Registry of Court and Closing Case, and respectfully requests that the Court maintain the $205,020.01 in the Court Registry until December 9, 2014 or pending further stay pursuant to Rule 62, Federal Rules of Civil Procedure and Local Rule 62.1, and for such other and further relief as this Court deems just, proper, and equitable.

### LOCAL RULE 7.1(a)(3) CERTIFICATION

Prior to filing this Motion, the undersigned counsel for BARBARA WILSON AS PERSONAL REPRESENTATIVE OF THE ESTATE OF FLORENCE KOWALSKI conferred with counsel for Plaintiff by telephone in good faith effort to resolve the issues in this motion but was unable to do so.

Dated this 22nd day of November 2013.

    COHEN & GRIGSBY, P.C.
    Attorney for Third-Party Defendant
    BARBARA WILSON AS PERSONAL
    REPRESENTATIVE OF THE ESTATE
    OF FLORENCE KOWALSKI


    /s/ JOSHUA ALLAN HAJEK
    JOSHUA ALLAN HAJEK
    Florida Bar No. 0935441
    Email: jhajek@cohenlaw.com
    9110 Strada Place
    Suite 6200
    Naples, Florida 34108
    (239) 390-1900 – Telephone
    (239) 390-1901 – Facsimile

-4-

## CERTIFICATE OF SERVICE

I do hereby certify that on this, the 22nd day of November 2013, a true and correct copy of the foregoing was served by electronic filing with the Clerk of the court using the CM/ECF system upon the following:

Charles P. Randall
8000 N. Federal Highway, Suite 330
Boca Raton, Florida 33487

Thomas G. Aubin
Farah Bridges
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
200 East Las Olas Boulevard, Suite 2100
Fort Lauderdale, FL 33301

      COHEN & GRIGSBY, P.C.
      Attorney for Third-Party Defendant
      BARBARA WILSON AS PERSONAL
      REPRESENTATIVE OF THE ESTATE
      OF FLORENCE KOWALSKI

      /s/ JOSHUA ALLAN HAJEK
      JOSHUA ALLAN HAJEK
      Florida Bar No. 0935441
      Email: jhajek@cohenlaw.com
      9110 Strada Place
      Suite 6200
      Naples, Florida 34108
      (239) 390-1900 – Telephone
      (239) 390-1901 – Facsimile

1912253.v1