UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-CV-60597 COHN/SELTZER

LISA KOWALSKI, a Florida Resident,

    Plaintiff/Counterdefendant,
v.

JACKSON NATIONAL LIFE INSURANCE
COMPANY, a Michigan Corporation,

    Defendant/Counterplaintiff,

v.

BARBARA WILSON AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF FLORENCE P. KOWALSKI,

    Third-Party Defendant.
_____/

## JACKSON'S VERIFIED MOTION FOR ATTORNEYS' FEES AND TO TAX COSTS

Defendant Jackson National Life Insurance Company ("Jackson") moves for attorneys' fees and costs pursuant to S.D.L.R. 7.1 and 7.3, Fed. R. Civ. P. 68 and 54, Fla. R. Civ. P. 1.442 and Fla. Stat. §768.79, and states as follows:

### PROCEDURAL HISTORY

Plaintiff Lisa Kowalski ("Kowalski") commenced this action on April 3, 2012 against Jackson and Barbara Wilson attempting to establish her entitlement to the proceeds of a life insurance policy. *See* DE 1. After Barbara Wilson filed a motion to dismiss for lack of personal jurisdiction and Jackson filed a motion to dismiss for failure to state a claim, Kowalski sought leave to amend her complaint, which the Court granted. *See* DE 13, 15, 21, 29. Kowalski's Amended Complaint dropped Wilson as a party and sought a declaratory judgment from the

1

Court that Kowalski was entitled to the policy proceeds. *See* DE 30. On July 27, 2012, Jackson filed an unopposed motion seeking leave to respond to the Amended Complaint within ten (10) business days of the appointment of a personal representative to the estate of the insured (the named beneficiary under the policy and a necessary party to Kowalski's declaratory action). *See* DE 31. The Court granted the motion. *See* DE 29.

Following the appointment of Wilson as personal representative to the insured's estate (the "Estate"), Jackson filed an answer and counterclaim against Kowalski and third party complaint against the Estate seeking, *inter alia*, to interplead the policy proceeds and to have the Court determine whether Kowalski or the Estate was entitled to the policy proceeds. *See* DE 47. On January 22, 2013, the Estate filed an answer to the third party complaint, asserting a counterclaim against Jackson for a declaratory judgment (Count I) and breach of contract (Count IV) based upon allegations that Jackson improperly made Kowalski the owner of the insurance policy and improperly loaned Kowalski $50,000.00 under the policy. The Estate also asserted cross claims against Kowalski for a declaratory judgment (Count I), unjust enrichment (Count II) and conversion (Count III) based upon Kowalski's alleged improper ownership of the policy and loan. *See* DE 75.

On November 27, 2012, Jackson filed a motion to deposit the life insurance proceeds in the court registry and requested to be dismissed from the action. *See* DE 50. The Court granted the motion in part, allowing Jackson to deposit the proceeds into the registry, but declining to dismiss Jackson because of the Estate's pending counterclaim. *See* DE 79.

On February 22, 2013, Jackson filed an answer to the Estate's counterclaim. Jackson's answer asserted a cross claim against Kowalski for fraudulent misrepresentation (Count I), negligent misrepresentation (Count II), indemnity (Count III) and unjust enrichment (Count IV).

2

*See* DE 90 at 17-20. Each of these claims was based on Kowalski's alleged improper ownership and loan. *Id.* On April 23, 2013, the Court entered an order denying Kowalski's motion to dismiss Jackson's cross claim and Kowalski filed an answer to the cross claim on May 14, 2013. *See* DE 108, 116.

On March 12, 2013, Kowalski filed a Second Amended Complaint. *See* DE 95. The Second Amended Complaint asserted a single count against Jackson for breach of contract (Count I) and an unjust enrichment claim (Count II) against the Estate.

On April 12, 2013, Jackson served Kowalski with an Offer of Judgment in the amount of $1,000.00. A copy of the Offer of Judgment is attached hereto as Exhibit A. Kowalski did not accept the Offer of Judgment by delivery of a written notice of acceptance within 30 days after service or at any time.

On May 17, 2013, Jackson filed a Motion for Summary Judgment on Kowalski's only claim against Jackson -- Count I of the Second Amended Complaint for breach of contract. *See* DE 121. Jackson did not file any motions for summary judgment with respect to the loan-related cross claims nor did Kowalski. Also on May 17, the Estate moved for summary judgment on the counterclaim and third party complaint (the interpleader action filed by Jackson) and on Count I of her counterclaim and cross claim. *See* DE 118. On May 18, Kowalski moved for summary judgment on Count I of the Second Amended Complaint against Jackson and against the Estate for the policy proceeds. *See* DE 124.

After briefing and oral argument, by Order dated July 1, 2013 the Court granted Jackson's Motion for Summary Judgment on Kowalski's Second Amended Complaint, denied Kowalski's Motion for Summary Judgment, and granted the Estate's motion for summary judgment "to the extent it seeks a declaration that the Estate is entitled to the policy proceeds"

and "denied to the extent that it seeks a declaration that Kowalski is not the owner of the policy and that she is required to repay a $50,000.00 loan taken against the policy." *See* DE 157 p. 23.

On August 12, 2013, Jackson filed a Motion for Order Dismissing Cross Claim Without Prejudice. The Court granted the motion on September 25, 2013, dismissing Counts I through IV of Jackson's cross claim against Kowalski without prejudice.

On August 13, 2013, Jackson filed a Motion for Entry of Final Judgment on the Second Amended Complaint. The Court denied the motion finding that, although the Court awarded summary judgment to Jackson on Kowalski's sole claim against it, neither the equities nor the judicial administrative interests favored a piecemeal appellate process. The Court found that the case would resolve by the end of November at which time final judgment would be entered allowing Jackson to pursue a claim for attorneys' fees.

On November 7, 2013, Final Judgment was entered in favor of Jackson and against Kowalski on all claims brought by Kowalski against Jackson in the Second Amended Complaint. *See* DE 209. Kowalski takes nothing from Jackson in this action.

## MEMORANDUM OF LAW

**A.  Jackson is Entitled To An Award of Attorneys' Fees and Costs Pursuant To The Offer of Judgment.**

On April 12, 2013, Jackson served Kowalski with an Offer of Judgment. The Offer of Judgment fully complies with Section 768.79 of the Florida Statutes and Rule 1.442 of the Florida Rules of Civil Procedure. Kowalski did not accept the Offer of Judgment such that the offer is deemed rejected. *See* §768.79, Fla. Stat.; Fla.R.Civ.P. 1.442(f).

Section 768.79, Florida Statutes, provides in pertinent part as follows:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorneys' fees incurred

4

> by her or him…if the judgment is one of no liability or the judgment obtained by plaintiff is at least 25 percent less than such offer…

Here, Jackson obtained the entry of a Final Judgment of no liability. The purpose of Section 768.79 is to encourage early resolution of litigation, avoid unnecessary expenditures of attorneys' fees and costs, and impose a penalty on parties who fail to act reasonably in settling lawsuits. *Unicare Health Facilities, Inc. v. Mort,* 553 So. 2d 159, 161 (Fla. 1989); *Florida Patient's Compensation Fund v. Rowe,* 472 So. 2d 1145 (Fla. 1985); *Nat'l HealthCorp Ltd. Partnership v. Close,* 787 So. 2d 22, 26 (Fla. 2d DCA 2001). Under the definitive law of the circuit, Section 768.79 is applicable in federal diversity actions such as this case. *See McMahan v. Toto,* 256 F.3d 1120, 1132 (11th Cir.2001).

In addition to Section 768.79, Florida has also adopted a corollary rule which includes procedural requirements for offers of judgment. *See* Fla. R. Civ. P. 1.442. Jackson's offer of judgment meets all of the requirements of Rule 1.442(c)(2) which provides that a proposal shall:

(a) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(b) identify the claim or claims the proposal is attempting to resolve;
(c) state, with particularity, any relevant conditions;
(d) state the total amount of proposal and state, with particularity, all nonmonetary terms of the proposal;
(e) state with particularity the amount proposed to settle a claim for punitive damages, if any;
(f) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and
(g) include a certificate of service in the form required by rule 1.080.

*See* Exhibit A.

When the statutory prerequisites have been met, "an award of attorney's fees may be denied only upon a finding of 'bad faith' on the part of the offering party." *See Government Employees Ins. Co. v. Thompson,* 641 So. 2d 189, 190 (Fla. 2d DCA 1994). Jackson's proposal was made in good faith. "[T]he obligation of good faith merely requires that the offeror have a

5

reasonable foundation on which to base the offer." *Donohoe v. Starmed Staffing, Inc.*, 743 So. 2d 623, 624 (Fla. 2d DCA 1999). "The question of whether a proposal was served in good faith turns *entirely* on whether the offeror had a reasonable foundation upon which to make his offer and made it with the intent to settle the claim against the offeree should the offer be accepted." *Wagner v. Brandeberry,* 761 So.2d 443, 445 (Fla. 2d DCA 2000) (emphasis added); *see also Camejo v. Smith*, 774 So. 2d 28, 29 (Fla. 2d DCA 2000). Jackson easily meets the requirements to establish the good faith of its offer. Accordingly, Jackson is entitled to an award of attorneys' fees and costs in its favor from the date of service[1] of the offer. *See Millette v. Dek Technologies, Inc.,* No. 08-60639, 2012 WL 3260284 (S.D. Fla.2012) (awarding attorneys fees and costs pursuant to Section 768.79, Florida Statutes).

**B.     Jackson is also entitled to an Award of Costs Pursuant to Fed. R. Civ. P. 68.**

Under Rule 68, if a plaintiff rejects a defendant's offer of judgment and the judgment finally obtained by plaintiff is not more favorable than the offer, the plaintiff "must pay the costs incurred after the offer was made." *See* Rule 68(d). "The language in Rule 68 is mandatory; the district court does not have the discretion to rule otherwise." *Jordan v. Time, Inc.*, 111 F.3rd 102, 105 (11th Cir. 1997).

**C.     Jackson is Also Entitled To An Award Of Costs Pursuant To Fed. R. Civ. P. 54(d).**

Rule 54(d) of the Federal Rules of Civil Procedure directs that "costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." Fed. R. Civ. P. 54(d);

---

[1] Although Section 768.79 refers to the "date of filing," courts have interpreted this to mean the date the offer was served, since there is no requirement that an offer of judgment be filed with the court until it becomes necessary as a means of recovering attorney's fees. *See Morris v. Arizona Beverage Co., L.L.C.,* 2005 WL 5544961, n. 8 (S.D.Fla. Feb. 9, 2005), *Report and Recommendation Adopted,* 2005 WL 5544963 (S.D.Fla. Sept. 27, 2005). *See also Amisub, Inc. v. Hernandez,* 817 So.2d 870, 872 (Fla. 3d DCA 2002) (concluding that fees run from "the date [the party] served the demand")

*see also Cochran v. E.I. Dupont de Nemours*, 933 F.2d 1533, 1540 (11th Cir. 1991). This rule creates a presumption that a "prevailing party" will be awarded costs. *See, e.g., Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991); *Smith v. Vaughn*, 171 F.R.D. 323, 326 (M.D. Fla. 1997). Here, because Jackson prevailed on all of Plaintiff's claims by summary judgment and judgment was entered in its favor, it is the "prevailing party" in this lawsuit, and should be reimbursed for the taxable costs it incurred in defending these claims. *See Haughton v. SunTrust Bank, Inc.*, 403 Fed. Appx. 458, 459 (1th Cir. 2010).

Jackson's Bill of Costs, an itemized summary of the taxable costs, and supporting documentation is attached at Exhibit 2 to Exhibit B.

  i.  **<u>Fees of the Court Reporter in the Amount of $1,403.85.</u>**

Jackson is entitled to be reimbursed for the costs it incurred in obtaining the transcript for Plaintiff's deposition. This deposition transcripts was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" *EEOC v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000).

Plaintiff's transcript was used in Jackson's Motion for Summary Judgment. *See W&O, Inc.*, 213 F.3d at 622 ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions) (internal quotations omitted).

"The costs of obtaining transcripts of depositions of witnesses on a losing party's witness list are generally considered taxable." *Young v. Eslinger*, No. 6:04-cv-1830-Orl-31KRS, 2008 WL 824219, at *3 (M.D. Fla. Mar. 25, 2008); *see also W&O, Inc.*, 213 F.3d at 621 ("We have upheld the taxation of a deposition where the losing party listed the deponent on its witness

list."); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, No. 6:05-cv-269-Orl-28JGG, 2007 WL 842771, at *6 (M.D. Fla. Mar. 20, 2007) (same).

The deposition transcript of Plaintiff was necessarily obtained for use in Jackson's defense of this action. Jackson is entitled to the $1,403.85 in costs for the deposition transcript.

  ii.  **Subpoena Fee In The Amount of $30.00.**

Pursuant to 28 U.S.C. § 1920(1), Jackson may recover as costs incurred for service of subpoenas assessed in accordance with the provisions of 28 U.S.C. § 1821. Jackson seeks to recover the $30.00 in process server fees for subpoena duces tecum served on one (1) of Plaintiff's former attorneys for her husband's estate planning and Last Will and Testament records. This subpoena wase used to obtain discovery regarding Plaintiff's claim that she was entitled to receive the proceeds from the life insurance policy pursuant to the terms of her late husband's Will. Jackson is entitled to recover the $30.00 in subpoena fees. *See W&O, Inc.*, 213 F.3d at 623-24 (service fees from private process servers recoverable under 28 U.S.C. §1920(1)).

  iii.  **Fees For The Records Received From Third Parties and For Exemplification and Copies of Papers Necessarily Obtained for Use in the Case in the Amount of $274.75.**

Jackson is also entitled to recover "fees for exemplification and copies of papers necessarily obtained for use in the case . . . ." 28 U.S.C. § 1920(4); *see also W&O Inc.*, 213 F.3d at 623. "Defendants are entitled to recover copy costs for discovery, pleadings, correspondence, documents provided to opposing counsel, exhibits and documents provided to the Court." *Slater v. Progress Energy Serv. Co.*, No. 8:09-CV-208-T-24-EAJ, 2010 WL 5209342, at *5 (M.D. Fla. Dec. 16, 2010); *see also Alvarez Perez*, 2007 WL 842771, at *7 ("Copying costs . . . are recoverable even if the papers at issue were not used at trial, or even if the papers were never submitted to the Court or opposing counsel.").

Here, Jackson incurred photocopying costs of $7.00 to secure documents from the Broward County Courthouse regarding Plaintiff's filing of estate papers in Broward County Circuit Court. Jackson also incurred photocopying costs related to discovery in this matter and motion practice. Jackson also produced 766 pages of documents; Plaintiff produced 110 pages of documents. Each of the documents produced to Plaintiff was copied before producing it. The parties also filed numerous motions, including motions for summary judgment filed by Plaintiff and Jackson, along with discovery motions. Each of these motions – particularly the motions for summary judgment – had numerous exhibits. There were also photocopying costs incurred as a result of documents used at deposition in the case and correspondence with Plaintiff.

Recognizing that it is a difficult task to identify precisely which copies were used for which purpose, Jackson has identified approximately one-half (1/2) of its total internal photocopy costs (1,071 pages at $0.25 per page totaling $267.75) as being related to discovery, copies of pleadings, correspondence, motions and documents prepared for this Court's consideration, deposition exhibits and preparation materials and documents tendered to Plaintiff. *See, e.g., Williams v. Consolidated City of Jacksonville*, No. 3:00-cv-469-J-32TEM, 2006 WL 4794173, at *11 (M.D. Fla. Sept. 11, 2006) (making a 25% reduction for photocopy costs). Accordingly, Jackson seeks reimbursement for $274.75 ($7.00 for third party records and $267.75 for copies necessarily obtained) it incurred for these photocopy costs. *See W&O Inc.*, 213 F.3d at 623 (taxing photocopying costs attributable to discovery); *Young v. Eslinger*, No. 6:04-cv-1830-Orl-31KRS, 2008 WL 824219, at *3 (M.D. Fla. Mar. 25, 2008) (taxing photocopying costs and noting "the record supports defendants' arguments about the volume of discovery documents that were necessarily obtained and produced in this case").

  **iv.**  **Interest**

Finally, the costs that are taxed pursuant to this Motion should bear interest from the date of the final judgment. *See Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment."). Because this Court entered final judgment in favor of Jackson on November 7, 2013, the costs that are taxed in favor of Jackson, as the "prevailing party," should bear interest from that date. *Id.*; 28 U.S.C. § 1961(a).

**D.** **Summary of Attorneys' Fees and Costs Requested**

From the inception of this litigation through September 25, 2013, Jackson incurred attorneys' fees in the amount of $201,704.37 and costs in the amount of $10,659.82. Jackson seeks recovery of its attorneys' fees in the amount of $78,025.00 and costs in the amount of $1,708.60. As set forth in more detail in the declaration of Farah Bridges attached hereto as Exhibit B, the attorney's fees sought by Jackson reflect the total fees expended by Jackson in victoriously defending against Kowalski's claim since the service of the Offer of Judgment and the costs sought by Jackson reflect the costs of litigation recoverable under 28 U.S.C. § 1920 since inception of the lawsuit.

WHEREFORE, Defendant Jackson National Life Insurance Company respectfully requests this Court grant its motion, enter a final judgment against Plaintiff in the amount of $78,025.00 for attorneys' fees and $1,708.60 costs, plus interest, and award such further relief as it deems just and proper.

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7.3

Counsel for Jackson has fully reviewed the time records and supporting data and certifies that the motion is well grounded in fact and justified. Counsel for Jackson further certifies that a bonafide effort has been made to resolve the attorneys' fee and cost amicably.

Dated: December 3, 2013  
       Fort Lauderdale, Florida

Respectfully submitted,

By: /s/ Farah Bridges  
THOMAS G. AUBIN, ESQUIRE (FBN: 8060)  
E-mail: taubin@stearnsweaver.com  
FARAH BRIDGES, ESQUIRE (FBN: 56861)  
E-mail: fbridges@stearnsweaver.com  
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**  
200 East Las Olas Boulevard, Suite 2100  
Fort Lauderdale, Florida 33301  
Tel: (954) 462-9500 / Facsimile: (954) 462-9567

*Attorneys for Jackson National Life Ins. Co.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 3, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Farah Bridges
FARAH BRIDGES, ESQUIRE
Florida Bar No.: 56861
E-mail: fbridges@stearnsweaver.com

## SERVICE LIST

Charles P. Randall, Esq.
chuck@cprattorney.com
8000 North Federal Highway, Suite 330
Boca Raton, Florida 33487
Telephone: (561) 750-5050
Facsimile: (561) 750-7272
*Attorneys for Plaintiff, Lisa Kowalski*
Service Via: CM/ECF

Joshua A. Hajek, Esq.
Cohen & Grigsby, P.A.
JHajek@cohenlaw.com
9110 Strada Place, Suite 6200
Naples, Florida 34108
Telephone: (239) 444-1832
Direct Fax: (239) 213-4071
Firm Fax: (239) 390-1901
*Attorneys for Barbara Wilson as Personal Representative of the Estate of Florence P. Kowalski*
Service Via: CM/ECF