UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-CV-60597 COHN/SELTZER

LISA KOWALSKI, a Florida resident,

    Plaintiff/Counterdefendant/
    Crossclaim defendant,

v.

JACKSON NATIONAL LIFE INSURANCE
COMPANY, a Michigan corporation,

    Defendant/Counterplaintiff/
    Third-Party Plaintiff/
    Crossclaim Plaintiff,

v.

BARBARA WILSON AS PERSONAL REPRESENTATIVE OF THE ESTATE OF FLORENCE P. KOWALSKI,

    Third-Party Defendant/
    Crossclaim-defendant.
_____/

**JACKSON NATIONAL LIFE INSURANCE COMPANY'S RESPONSE TO LISA KOWALSKI'S MOTION TO DETERMINE ENTITLEMENT TO ATTORNEYS' FEES PRIOR TO SUBMISSION ON ISSUE OF AMOUNT [ECF NO. 239][1] AND RESPONSE TO LISA KOWALSKI'S REQUEST FOR ORAL ARGUMENT [ECF NO. 240]**

Defendant Jackson National Life Insurance Company ("Jackson") responds to Plaintiff Lisa Kowalski's ("Kowalski") Motion to Determine Entitlement To Attorneys' Fees Prior To

---

[1] On January 3, 2014, Kowalski filed ECF No. 238 and ECF No. 239. The two documents appear to be identical but for their docketed titles and an exhibit (Declaration of Charles P. Randall in Opposition to Jackson's Verified Motion for Attorneys' Fees) attached to ECF No. 238. Jackson's response herein is directed to ECF No. 239 (titled "Plaintiff's Motion to Bifurcate Entitlement To Attorneys' Fees") which, at paragraph 6, seeks bifurcation of the issues of entitlement and amount of attorneys' fees.

Submission On Issue Of Amount Pursuant To Local Rule 7.3(a) ("Motion to Bifurcate") [ECF No. 239] and Kowalski's Request for Oral Argument [ECF No. 240] as follows:

## INTRODUCTION

On November 7, 2013, this Court entered final judgment in favor of Jackson and against Kowalski. *See* ECF No. 209. Southern District of Florida Local Rule 7.3(a) provides that a motion for attorneys' fees and to tax costs be filed within sixty days of the entry of final judgment (*i.e.*, by January 6, 2014). Local Rule 7.3(b) requires that the parties make a good faith effort to resolve issues by agreement unless "a federal statute provides a deadline of fewer than sixty (60) days for a motion governed by Local Rule 7.3(a)." Because Jackson's Verified Motion for Attorneys' Fees is based on a strictly construed Florida Statute, section 768.79, with a filing deadline of thirty days, it is unclear whether the meet and confer requirements of 7.3(b) apply to this case. *See* §768.79, Fla. Stat. Nevertheless, Jackson endeavored in good faith to comply with Local Rule 7.3(b).[2]

In compliance with Local Rule 7.3(b), on November 25, 2013, Jackson timely served Kowalski's counsel a draft motion for attorneys' fees, a proposed bill of costs, a draft declaration, and copies of its billing records. *See* correspondence attached at Exhibit A. On November 26, 2013, counsel for Kowalski, Charles P. Randall, responded that he would be "reviewing" the "motion and exhibits shortly" but was "currently tied up with other matters" and inquired as to the "time frame for a response." *See* correspondence attached at Exhibit B. The same date, counsel for Jackson explained to Mr. Randall that Local Rule 7.3(b) provides a twenty-one day meet and confer period but Florida Statute §768.79 requires that "I file the

---

[2] Local Rule 7.3(b) requires that a draft motion for attorneys' fees be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys fees (*i.e.,* by December 7, 2013) and that within twenty-one (21) days of service of the draft motion, the parties confer and attempt in good faith to agree on entitlement to and the amount of fees and costs.

motion for fees next week" (*i.e.*, on or before December 7, 2013).  Because of the conflicting deadlines, Jackson's counsel indicated that she would advise the Court that the parties were working to resolve the fees and costs issues and request that Kowalski's response deadline be enlarged to accommodate Local Rule 7.3.  *See* correspondence attached at Exhibit B.

The following week, while the undersigned was in trial in another matter, Jackson's counsel filed its Verified Motion for Attorneys' Fees in compliance with Florida Statute §768.79.  The Verified Motion for Attorneys' Fees inadvertently omitted the certification to the motion, which was to explain the incongruence between Local Rule 7.3 and Florida Statute §768.79, advise the Court of the parties continuing efforts to confer and request guidance with respect to the response deadline.  Upon realizing the omission of the correct certification, on December 16, 2013, the undersigned apologized to Mr. Randall for the oversight and agreed to an enlargement of time for Mr. Randall to prepare a response to the Verified Motion for Attorneys' Fees and for additional time within which to confer per Local Rule 7.3.  *See* email correspondence at Exhibit C.  A corrected certification which reflected the explanation previously communicated to Kowalski's counsel was filed December 16, 2013.  *See* ECF No. 226.  On December 17, 2013, Mr. Randall responded that he had no objection to Jackson's proposed bill of costs and summarized his arguments in opposition to entitlement, but failed to provide written objections to specific time entries as required by Local Rule 7.3.  *See* Exhibit C.  On December 17, 2013, counsel for Jackson advised the Court of the status of the parties' attempt to resolve issues by agreement. *See* ECF No. 227.

On December 19, 2013, Kowalski requested an unopposed enlargement of time through January 3, 2014 within which to respond to Jackson's Verified Motion for Attorneys' Fees, which the Court granted.  On January 3, 2014, Kowalski filed her response in opposition to

3

Jackson's Verified Motion for Attorneys' Fees and Motion to Bifurcate.  *See* ECF No. 238 and ECF No. 239.

## ARGUMENT

Plaintiff's Motion to Bifurcate argues that "the matter of the individual charges be bifurcated for additional clarification" because of Jackson's "flagrant violation [of Local Rule 7.3] and the holiday recesses, its inclusion of clearly objectionable fee requests and its history of endeavoring to create undue delay and additional and unnecessary work for Kowalski, it has been impossible for Kowalski to be any more specific." ECF No. 239 at p. 22.  The Court should deny Kowalski's Motion to Bifurcate.

As demonstrated above, Kowalski's accusation that Jackson flagrantly violated Local Rule 7.3 is disingenuous.  Jackson's counsel made a diligent effort to comply with the time constraints of Local Rule 7.3(b), which contemplate that motions are to be filed within sixty days of the entry of judgment, rather than the applicable thirty days.

Furthermore, the substance of Jackson's Verified Motion comports with Local Rule 7.3(a).  Local Rule 7.3(a)(1)-(8) sets forth the requirements for motions for attorneys' fees and costs.  "The Local Rule explicitly requires that such a motion address **both** entitlement and amount." *Gables Ins. Recovery v. United Healthcare Ins. Co*., No. 13–21142–CIV, 2013 WL 4068786 *1 (S.D. Fla. Aug. 12 2013) (emphasis supplied). Jackson's Verified Motion for Attorneys' Fees addressed both issues.  The Local Rule also provides that "within fourteen (14) days after filing and service of the motion, the respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority." S.D.Fla.L.R. 7.3(a).  Kowalski's response asserts arguments in opposition to the issue of entitlement [ECF No. 238]

and details specific objections to time entries.  *See* Declaration of Charles P. Randall at ECF No. 238-1.

The Local Rule further provides that either party may move the Court pursuant to Fed. R. Civ. P. 54(d)(2)(C) to determine entitlement prior to submission on the issue of amount.  Federal Rule of Civil Procedure 42(b) provides generally, that bifurcation may be appropriate "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). "Those same guidelines have also been applied when deciding whether to bifurcate motions for attorney's fees and costs into entitlement and amount." *Gables Ins. Recovery*, 2013 WL at *2. Despite the procedural mechanism, "the question of entitlement and amount are routinely decided together without causing prejudice, confusion or inconvenience." *Murray v. Playmaker Services, LLC*, No. 05-80885-CIV, 2007 WL 4563483 *1 (S.D. Fla. Dec. 19, 2007)("[T]his Court has ruled on hundreds of motions for fees and has never bifurcated this issue.").  Indeed, a District Court has the power to make a reasonable fee award "without the need of further pleading or an evidentiary hearing." *Fox v. Marquis Corp.*, No. 08-81264-CIV, 2010 WL 1010871 *2 (S.D. Fla. Mar. 15, 2010).

Bifurcation is inappropriate in this case. Kowalski has not and will not be prejudiced or inconvenienced by consideration of both issues simultaneously.  Kowalski has had more than sufficient time and opportunity to review and respond to the issues of entitlement and amount, and she has done so in detail after having an extension of time to do so.  Thirty-nine days after receiving Jackson's draft motion, declaration, proposed bill of costs and billing records, Kowalski filed a twenty-five page response and a forty-five page declaration addressing both issues of entitlement and amount.  Moreover, despite the time constraints of Florida Statute §768.79 and Local Rule 7.3, Jackson worked in good faith but without success to resolve the

issues of entitlement and amount of attorneys' fees by agreement. Bifurcation is not warranted and would disserve the importantly policy of judicial economy by increasing the cost and protracting the proceedings.

Finally, oral argument is unnecessary. Jackson's Verified Motion can be decided on the papers without oral argument or an evidentiary hearing. When "determining the reasonableness of requested attorney's fees, evidentiary hearings are only necessary where there are disputes of fact, and where the written record is not sufficiently clear to allow the trial court to resolve the disputes of fact. Evidentiary hearings are not necessary every time the written pleadings present a dispute of opinions on matters as to which the courts possess expertise. Specifically, the court possesses expertise on the question of reasonable and proper fees." *Chacon v. El Milagro Care Center*, No. 07-22835-CIV, 2010 WL 3023833 *2 (S.D. Fla. Jul. 29, 2010)(internal citations omitted). Jackson does not perceive there to be any issue of first impression, complex legal analysis or factual issue raised by the briefing that could only be decided with the aid of oral argument.

For the foregoing reasons, Kowalski's Motion to Bifurcate and request for oral argument should be denied.

Dated: January 20, 2014  
      Fort Lauderdale, Florida

Respectfully submitted,

By: /s/ Farah Bridges  
THOMAS G. AUBIN, ESQUIRE (FBN: 8060)  
E-mail: taubin@stearnsweaver.com  
FARAH BRIDGES, ESQUIRE (FBN: 56861)  
E-mail: fbridges@stearnsweaver.com  
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**  
200 East Las Olas Boulevard, Suite 2100  
Fort Lauderdale, Florida 33301  
Tel: (954) 462-9500 / Facsimile: (954) 462-9567  
*Attorneys for Jackson National Life Ins. Co.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 20, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    By:  /s/ Farah Bridges
        FARAH BRIDGES, ESQUIRE
        Florida Bar No.: 56861
        E-mail: fbridges@stearnsweaver.com

## SERVICE LIST

Charles P. Randall, Esq.
chuck@cprattorney.com
523 N.E. 47th Street
Boca Raton, Fl. 33431
Telephone:  (561) 750-5050
Facsimile:  (561) 750-7272
*Attorneys for Plaintiff, Lisa Kowalski*
Service Via: CM/ECF

Joshua A. Hajek, Esq.
Cohen & Grigsby, P.A.
JHajek@cohenlaw.com
9110 Strada Place, Suite 6200
Naples, Florida 34108
Telephone: (239) 444-1832
Direct Fax: (239) 213-4071
Firm Fax: (239) 390-1901
*Attorneys for Barbara Wilson as Personal Representative of the Estate of Florence P. Kowalski*
Service Via: CM/ECF