UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60597-CIV-COHN/SELTZER

LISA KOWALSKI, a Florida resident,

    Plaintiff/Counterdefendant,

v.

JACKSON NATIONAL LIFE INSURANCE
COMPANY, a Michigan corporation,

    Defendant/Counterplaintiff/
    Third-Party Plaintiff,

v.

BARBARA WILSON, as Personal
Representative of the ESTATE OF
FLORENCE P. KOWALSKI,

    Third-Party Defendant.
_____/

## ORDER GRANTING IN PART JACKSON NATIONAL LIFE INSURANCE COMPANY'S MOTION FOR ATTORNEYS' FEES

**THIS CAUSE** is before the Court upon Jackson National Life Insurance Company's Verified Motion for Attorneys' Fees and to Tax Costs [DE 220] ("Motion").[1] The Court has carefully considered the Motion, Plaintiff Lisa Kowalski's Response in Opposition [DE 238] ("Response"), Jackson National Life Insurance Company's Reply [DE 248] ("Reply") and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Lisa Kowalski ("Kowalski") commenced this action on April 3, 2012,

---

[1] The Court has addressed Jackson's request for costs in a separate order. See DE 257.

against Defendants Jackson National Life Insurance Company ("Jackson") and Barbara Wilson ("Wilson") to establish her entitlement to the proceeds of a life insurance policy. See Compl. [DE 1].  After Wilson filed a motion to dismiss alleging that this Court lacked personal jurisdiction over her and Jackson sought dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Kowalski sought leave to file an amended complaint which dropped Wilson as a party and amended the allegations in her Complaint.  See DE 21.  The Court granted the motion and allowed Kowalski to amend the Complaint.  See DE 29.  In the Amended Complaint, Kowalski sought a declaratory judgment from this Court reflecting that she is the owner and beneficiary of the policy proceeds.  Am. Compl. [DE 30] at 3.

On July 27, 2012, Jackson filed an unopposed motion in which it sought leave to respond to the Amended Complaint within 10 business days of the appointment of a personal representative for the estate of Florence P. Kowalski ("the Estate").  See DE 31.  In the motion, Jackson explained that it had no interest in the policy proceeds and needed the proper adverse claimants to the proceeds before the Court in order to interplead the funds into the Court registry.  Id. ¶ 4.  The Court granted this motion. See DE 32.

Before a personal representative had been appointed for the Estate and Jackson filed its answer, Kowalski moved (1) to compel Jackson to deposit the proceeds of the policy into the Court registry and (2) for partial summary judgment.  See DE 34, 35.  On October 31, 2012, the Court denied both motions as premature because the Court could not issue a declaratory ruling as to the beneficiary of the policy proceeds until all parties asserting an interest in the policy were before the Court.  See DE 46.

On November 12, 2012, Jackson filed its answer and third party complaint against Wilson, who the probate court had appointed as the personal representative of the Estate.  See DE 47. On January 22, 2013, Wilson filed an answer to Jackson's third party complaint which asserted a counterclaim against Jackson for a declaratory judgment (Count 1) and breach of contract (Count IV) and cross claims against Kowalski for a declaratory judgment (Count 1), unjust enrichment (Count II), and conversion (Count III).  See DE 75.  On February 22, 2013, Jackson filed its answer to Wilson's counterclaim.  See DE 90.  This answer asserted a cross claim against Kowalski for fraudulent misrepresentation (Count I), negligent misrepresentation (Count II), indemnity (Count III), and unjust enrichment (Count IV).  Cross Claim [DE 90] at 17-20.  On April 23, 2013, the Court entered an order denying Kowalski's motion to dismiss Jackson's cross claim.  See DE 108.

Jackson filed a motion to deposit the proceeds of the life insurance policy in the Court registry on November 27, 2012.  See DE 50.  The Court granted in part the motion, allowing Jackson to deposit the proceeds into the registry, but declining to dismiss Jackson based on Wilson's pending counterclaim.  See DE 79.  While the motion to deposit the life insurance proceeds was pending, Kowalski filed a motion for leave to file a second amended complaint.  See DE 72.  Although both Jackson and Wilson argued that further amendment of the complaint was futile, the Court granted the motion finding that the futility arguments would best be addressed by way of a motion to dismiss or motion for summary judgment.  See DE 94.

Kowalski filed her Second Amended Complaint on March 12, 2013.  2d Am. Compl. [DE 95].  The Second Amended Complaint brought a claim against Wilson for

unjust enrichment and constructive trust and a claim against Jackson for breach of contract. On May 6, 2013, the Court granted Wilson's motion to dismiss the claim against her. See DE 109. The Court denied Kowalski's motion for reconsideration of this order. See DE 113. Jackson then moved for summary judgment on Kowalski's breach of contract claim, Wilson moved for summary judgment on the counterclaim and third party complaint filed by Jackson and on Count I of her counterclaim and cross claim, and Kowalski moved for partial summary judgment against both Jackson and Wilson. See DE 118, 121, 124. On July 1, 2013, the Court granted Jackson's motion for summary judgment, granted in part and denied in part Wilson's motion for summary judgment, and denied Kowalski's motion for partial summary judgment. See DE 157 ("July 1, 2013 Order"). In the July 1, 2013 Order, the Court determined that under the terms of the policy, the Estate is entitled to the policy proceeds. The Court, however, also granted Kowalski leave to reassert her claim for unjust enrichment and constructive trust against the Estate.

Kowalski filed a Third Amended Complaint on July 8, 2013. See 3d Am. Compl. [DE 161]. Wilson then filed a motion to dismiss the claim against the Estate for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). See DE 171. The Court denied the motion to dismiss on August 30, 2013. See DE 181. After Wilson and Kowalski filed cross motions for summary judgment regarding all remaining claims between the Estate and Kowalski, the Court denied Wilson's motion for summary judgment and granted Kowalski's motion for summary judgment. See DE 208. With all claims in the case resolved, the Court entered a final judgement. See DE 209. Jackson thereafter filed the instant Motion which seeks an award of attorneys fees and

4

costs from Kowalski based upon an Offer of Judgment made pursuant Fla. Stat. § 768.79 and Florida Rules of Civil Procedure 1.442. Kowalski opposes the Motion.

## II. DISCUSSION

Fla. Stat. § 768.79 provides that:

> [i]n any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

Fla. Stat. § 768.79 (1). Florida Rule of Civil Procedure 1.442 requires that the offer be in writing and (a) name the party or parties making the proposal and the party or parties to whom the proposal is being made; (b) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served; (c) state with particularity any relevant conditions; (d) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal; (e) state with particularity the amount proposed to settle a claim for punitive damages, if any; (f) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and (g) include a certificate of service in the form required by rule 1.080. Fla. R. Civ. P. 1.442(c)(1)-(2). Once the court determines that a party has complied with the technical requirements of Fla. Stat. § 768.79 and rule 1.442, an award of attorneys' fees may be disallowed only upon a finding that the offer was not made in good faith. See Braaksma v. Pratt, 103 So. 3d 913, 915 (Fla. Dist. Ct. App. 2012) (citing Fla. Stat. § 768.79(7)(a); Fla. R. Civ. P. 1.442(h)(1); TGI Friday's, Inc. v.

Dvorak, 663 So. 2d 606, 612 (Fla. 1995); McGregor v. Molnar, 79 So. 3d 908, 910-11 (Fla. Dist. Ct. App. 2012)).

A district court has discretion to award attorney's fees. See Clark v. Housing Auth. of City of Alma, 971 F.2d 723, 728 (11th Cir. 1992). A "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (quoting Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988)). The applicant's burden includes providing the court with "specific and detailed evidence from which the court can determine the reasonable hourly rate." Id. Fee counsel should maintain records to show the time spent on different claims. Id. Additionally, the applicant should demonstrate "the general subject matter of the time expenditures" with "sufficient particularity so that the district court can assess the time claimed for each activity." Id. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Here, Jackson seeks $75,415.00[2] in attorneys fees. Kowalski urges the Court to deny the Motion in its entirety because (1) it was filed in violation of Local Rule 7.3, (2) the offer would not have ended Jackson's litigation of its claims against Kowalski; and (3) the offer was not made in good faith. Kowalski also objects to certain time entries for which Jackson seeks attorneys' fees. The Court will address each of these issues individually below.

---

[2] Jackson originally sought $78,025.00 in attorneys' fees, but agreed to eliminate certain time entries that Kowalski objected to. See Reply at 10.

Kowalski first argues that the Court should deny the Motion because it was filed only eight days after Jackson served her with the draft motion, in violation of Local Rule 7.3.  Response at 6.  Kowalski is correct that Local Rule 7.3 does require that draft motions for attorneys fees be served upon an opposing party at least 30 days before the deadline for filing such motion so that the parties may confer within 21 days of service of the draft motion.  L.R. 7.3(b).  However, it is not mandatory that the Court deny the Motion for this alleged non-compliance.  See, e.g., Maale v. Kirchgessner, No. 08-80131-CIV, 2011 WL 1549058, at *5 (S.D. Fla. Apr. 22, 2011) ("While it is true that a court can deny a motion for failure to comply with the Local Rules, Maale has cited to no authority that requires a court to do so. Strict compliance with the Local Rules is always preferred and non-compliance may warrant appropriate sanctions; however, under the present facts the Court . . . finds that it is properly within the Court's discretion to determine that the limited non-compliance did not warrant denial of the entire motion for attorney's fees."); Morris v. Ariz. Beverage Co., No. 03-60907 Civ, 2005 WL 5544961, at *8 (S.D. Fla. Feb. 9, 2005) ("However, the Court has discretion whether to require strict adherence to Local Rule 7.3 and may consider the unique facts of this case when deciding whether to do so.").  This is especially true, where as here, the party seeking denial of the Motion has identified no prejudice suffered from the alleged local rules violation.  Moreover, Jackson's belief that it had to file the Motion within 30 days of the entry of judgment as provided by Fla. Stat. § 768.79 was reasonable given the multitude of case law requiring strict compliance with the Florida offer of judgment statute.  Thus, the Court declines to deny the Motion based upon Jackson's alleged violation of Local Rule 7.3.

Next, Kowalski contends that the Motion should be denied because the offer would not have ended Jackson's litigation of its claims against Kowalski. Response at 7-10. Kowalski premises this argument on the belief that the offer would not have "barred Jackson from asserting the same claims against Kowalski as part of its defense to the Estate's claims against both Jackson and Kowalski arising from the same set of operating facts." Id. at 8.[3] Tellingly, Kowalski fails to cite any case law supporting her unique interpretation of the offer. The Court finds that the offer unambiguously applies to "all claims between Jackson and Plaintiff." Offer of Judgment [DE 220-1] ¶ 1. As Jackson points out in its Reply, "[t]he fact that Kowalski would still have to defend herself against the Estate's separate claims against her or may have to participate in litigation of claims not brought against her by Jackson does not make the offer ambiguous or invalid. " Reply at 2. Thus, this cannot serve as a basis to deny the Motion.

Kowalski also urges the Court to deny the Motion because the offer was not made in good faith. Response at 10-18. Kowalski accuses Jackson of a litany of offenses, all of which she contends demonstrates Jackson made its nominal settlement offer in bad faith. The good faith requirement "insists that the offeror have some reasonable foundation on which to base an offer." Schmidt v. Fortner, 629 So. 2d 1036,

---

[3] The Court finds Kowalski's argument that Jackson's Eleventh Affirmative Defense to the Estate's counterclaim somehow undermines the offer nonsensical. The Eleventh Affirmative Defense states: "Jackson incorporates herein the allegations of its Crossclaim and seeks to set-off any claims for damages including attorneys' fees and costs." [DE 90] at 13. The unambiguous terms of the offer, however, would eliminate the Crossclaim. Thus, if the offer had been accepted, this affirmative defense would no longer apply.

1039 (Fla. Dist. Ct. App. 1993).  A reasonable basis for a nominal offer exists where "the undisputed record strongly indicate[s] that [the defendant] had no exposure" in the case."  Peoples Gas Sys., Inc. v. Acme Gas Corp., 689 So. 2d 292, 300 (Fla. Dist. Ct. App. 1997).  The burden of demonstrating that the offer was made in bad faith falls squarely upon Kowalski.  See Arrowood Indem. Co. v. Acosta, Inc., 58 So. 3d 286, 290 (Fla. Dist. Ct. App. 2011).

Here, Kowalski has failed to identify any evidence which demonstrates Jackson's bad faith.  On the contrary, much of what Kowalski points to is not evidence of Jackson's bad faith, but instead indicates how strongly Jackson felt that it would prevail in this matter.  For example, the fact that Jackson filed a Rule 11 motion against Kowalski indicates how strongly it believed that Kowalski would not prevail on her breach of contract claim.  See DE 123.  Although the Court declined to award sanctions and permitted the claim to proceed to summary judgment, when the Court examined the applicable law and facts, it was readily apparent that Jackson was entitled to summary judgment.  Thus, Jackson reasonably believed that it would prevail and offered to settle this case for a nominal amount in good faith.[4]

Because the Court concludes that Jackson made a valid offer pursuant to Fla. Stat. § 768.79, the Court will examine Kowalski's specific objections to certain fees for which Jackson seeks recovery.  Pursuant to the statute, the court is required to

---

[4] The Court finds Kowalski's evidence of "bad faith" so lacking that it declines to address each item individually.  Needless to say, this case was acrimonious from the outset.  But that does not alter the fact that neither the law nor the facts supported Kowalski's claims against Jackson.

9

consider, in addition to "all other relevant criteria," the following factors in determining reasonableness of the fee award:

   1. The then apparent merit or lack of merit in the claim.

   2. The number and nature of offers made by the parties.

   3. The closeness of questions of fact and law at issue.

   4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.

   5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.

   6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

Fla. Stat. § 768.79(7)(b); see also Fla. R. Civ. P. 1.442(h)(2)(A)-(F).

In total, Kowalski objects to $19,700 of fees Jackson seeks. See Response at 18. In its Reply, Jackson has agreed to eliminate $2610.00 in contested fees. Reply at 7. The Court, therefore, will only address the remaining contested fees.

   1. Fees Related to Unsuccessful Motion to Enter a Separate Final Judgment.

Kowalski objects to any fees related to Jackson's unsuccessful motion for entry of a separate final judgment in this case. Response at 18. Jackson contends that it is entitled to fees related to this motion even if it did not prevail on the motion. Reply at 8. Jackson also contends that Kowalski improperly categorizes certain time entries as related to the motion for entry of a separate final judgment. See id. at 9. The mere fact

that Jackson was unsuccessful on this motion is not grounds for denying Jackson its fees. This motion was unquestionably related to Jackson's prosecution of this case and would have been mooted had Kowalski accepted the offer. Accordingly, the Court will allow these fees.

### 2. Entries Related to Defense of Estate Claim.

Kowalski also argues that Jackson is not entitled to fees related to claims brought against it by the Estate. Response at 19. Jackson objects that some of these time entries, including those related to the deposition of Wilson, were necessary to defend against Kowalski's breach of contract claim. See Reply at 7-8. The Court agrees. Wilson was a party in this case and Jackson reasonably conducted discovery of her to defend against Jackson's breach of contract claim. Accordingly, the Court declines to eliminate these time entries. It also appears from review of the disputed time entries that Kowalski has objected to time entries involving conferral between the Estate and Jackson. The Court credits Jackson's explanation that these entries involved work related to defending Kowalski's breach of contract claim.[5] The Court also agrees with Jackson that it is entitled to fees related to its efforts to dismiss its cross claim against Kowalski. See Reply at 9. Thus, the Court will allow fees for these disputed entries.

---

[5] See, e.g., JAX INV 16 [DE 248-1] at 15 ("Telephone conference with Josh Hajek regarding plaintiff's motion for extension of time and strategy for response"). The fact that counsel for Jackson and the Estate appeared to confer regarding how to proceed against Kowalski is not grounds for disallowing the fees.

### 3. Redacted Time Entries.

Kowalski objects to certain time entries because they are redacted.  Response at 20.  The Court has reviewed these time entries and believes that it is possible to discern the nature of the services provided.  Accordingly, the Court declines to eliminate these fees.  See Cambridge Elecs. Corp. v. MGA Elecs., Inc., No. CV02-8636MMM(PJWX), 2005 WL 927179, at *6 (C.D. Cal. Jan. 18, 2005) (court deducted fees where the description of services performed had been redacted and not even a general subject matter for the charges was identified).

### 4. Fees Regarding Motion for Attorneys' Fees.

Kowalski urges the Court to eliminate any fees related to the preparation of the instant Motion.  Response at 21.  In opposition, Jackson states that it is entitled to fees related to researching the issue of its entitlement to attorneys' fees.  Reply at 9.  The Court agrees and will allow these fees.  See McMahan v. Toto, 311 F.3d 1077, 1086 (11th Cir. 2002).

### 5. Paralegal Time.

Kowalski also objects to certain fees related to clerical work performed by paralegals.  Response at 21-22.  Jackson contends that these tasks were not clerical, but rather involved preparation of attorney notebooks and charts.  Reply at 10.  "A court may award fees for the work of paralegals, but only to the extent they [they] perform work traditionally done by an attorney." Plumbers & Pipefitters Union No. 421 Health & Welfare Fund v. Brian Trematore Plumbing & Heating, Inc., No. 5:11-CV-221, 2013 WL 3816660, at *4 (M.D. Ga. July 22, 2013) (quoting SE Prop. Holdings, LLC v. 145, LLC,

10–00521–KD–B, 2012 WL 6681784 at *5 (S.D. Ala. Dec. 21, 2012)). Otherwise, "paralegal work is viewed as falling within the category of unrecoverable overhead expenses." Id. (citations omitted).  Preparing attorney notebooks and charts "are not [tasks] traditionally done by an attorney, and therefore, they are not properly included in an award of attorney's fees." See id.  Accordingly, the Court will reduce the total fees sought by $1,075.00.

### 6. Whether the Award Should be Reduced because of the Reasonableness of Kowalski's Rejection of the Offer or the Other Statutory Factors.

Finally, Kowalski requests that the Court reduce the total award based upon either (1) the reasonableness of her rejection of the offer or the factors set forth in Fla. Stat. § 768.79(7)(b).  Response at 23-25.  The Court finds that the total fees sought are reasonable in this case given the contentiousness of this litigation.  Moreover, as discussed above, given the state of the law regarding changing a life insurance beneficiary, Kowalski's rejection of Jackson's nominal offer was unreasonable. Accordingly, the Court declines to find a total fee award of $74,340.00 unreasonable.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Jackson National Life Insurance Company's Verified Motion for Attorneys' Fees and to Tax Costs [DE 220] is **GRANTED IN PART**.  Jackson National Life Insurance Company shall recover $74,340.00 in attorneys' fees from Lisa Kowalski plus interest thereon at the rate of 0.10% per annum, from November 7, 2013, for which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of August, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.